IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO.  08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | |
| | § | |
| DEBTOR | § | Chapter 11 |

**MOTION FOR FINAL APPROVAL OF SECURED DEBTOR IN POSSESSION POST
PETITION FINANCING AND REQUEST FINAL HEARING**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF
YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE
MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY
CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE
MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 15
DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST
STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A
TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER
NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN
AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES
AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE
HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Debtor files this *Motion for Final Approval Of Secured Debtor In Possession Post-
Petition Financing Pursuant To Bankruptcy Code Section 364 and Request for Final Hearing*
(the "Motion"), and states as follows.

### Introduction

1.    This Chapter 11 case was filed on October 24, 2008.  The primary factor which
precipitated the filing on that date was the Debtor's contract with Intelsat, its primary satellite
supplier, to whom the Debtor has past-due invoices of approximately $1.2 million.

2.      Prior to the filing of this Motion, the Debtor filed an emergency motion for use of cash collateral.  However, the Debtor is concerned that the amount of cash collateral currently available will not be sufficient to fund operations in the near term.   See cash collateral budget attached as Exhibit "A".

## Jurisdiction and Venue

3.      This Court has jurisdiction over these cases pursuant to 28 U.S.C. § § 157, 1334.

4.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(D).

5.       Venue of the Debtor's Chapter 11 case is proper in this district pursuant to 28 U.S.C. §§ 1409.

## Background

6.      This Chapter 11 bankruptcy case was filed on October 24, 2008 ("Petition Date") under Chapter 11 of Title 11 of the Bankruptcy Code, 11 U.S.C. §§101 et sq. (the "Bankruptcy Code").   The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtor's bankruptcy case and no official committee of unsecured creditors has been established yet.

7.      There are three lenders claiming security interests in accounts receivable and related assets, Balaton Group, L.P. ("Balaton"), CenturyTel, Inc. ("CenturyTel"), and AEGIS Texas Venture Fund, LP ("Aegis").

8.      SkyPort is a satellite communications company, bandwidth reseller and services provider, providing broadband satellite data communications across the globe.   Debtor specializes in geographically remote markets for such entities as FEMA and the National Guard.

9.     To accomplish this, the Debtor leases bulk bandwidth from satellite operating companies, combines it with a sophisticated information technology and encryption and then resells secure data communication in smaller quantities.

10.     SkyPort was founded in 1999 and is located in Houston, Texas.   SkyPort employs approximately 24 full time employees including technicians, satellite company experts, receptionists and other necessary support staff.  The Debtor also operates a facility in Reston, Virginia.

11.     SkyPort delivers high quality voice, Internet, fax, and other services to its disaster recovery, emergency management, onshore, and offshore oil industry, and international clients. Many locations are remote, where equivalent services are either unavailable or would require an extraordinary amount of time to deliver.  The Debtor's secured and encrypted data facility at Ellington Field in Clear Lake, Texas is crucial for the Debtor's operations and is guarded.

12.     SkyPort has a viable business.  It owes Intelsat, its primary satellite supplier on past-due invoices approximately $1.2 million.  The Debtor was unable to obtain reasonable repayment terms and Intelsat threatened to shut off the Debtor's access to the satellite.  Such a termination would end the Debtor's business and prevent the Debtor from collecting current accounts receivable of approximately $880,000.

13.     The Debtor was originally capitalized by a secured debenture offering of $24 Million with CenturyTel as the indenture trustee.  In 2005, the Debtor filed a petition under Chapter 11 of the Bankruptcy Code due to its unfavorable contract with Intelsat.

14.     Balaton became the secured superpriority DIP lender in the 2005 bankruptcy case. Balaton also purchased the CenturyTel debentures and converted most of them to equity and took control of the remaining debt.  Balaton is the Debtor's majority shareholder.

15.     By using the Balaton DIP Loan, the Debtor agreed to payment arrangements with all of its unsecured creditors and the 2005 bankruptcy was dismissed by agreement.

16.     Because the bankruptcy was dismissed in lieu of a plan, the Debtor's original satellite contract with Intelsat continued to be an albatross.  The Debtor's agreement with Intelsat to provide satellite bandwidth was so large that the bandwidth could not be re-sold at the rate the Debtor had acquired it.  The Debtor repeatedly pleaded with Intelsat to renegotiate or reduce the bandwidth contract.  Intelsat, a Bermuda-based concern with gross revenue believed in excess of $1 Billion was unwilling to renegotiate the contract with the Debtor on terms that would allow the Debtor to cash flow positively.

17.     As stated above, the DIP Financing is necessary to assist with funding ongoing operating costs. Certain shareholders of Balaton (the "Lenders") are willing to provide a DIP Loan Facility in the amount of $800,000.

18.     The material terms of the DIP Financing Agreement are as follows:

| | |
|---|---|
| *Amount:* | $800,000 |
| *Interest:* | Floating Wall Street Prime plus 4% computed annually |
| *Maturity Date:* | *The earlier of Plan Confirmation or* May 1, 2009 |
| *Collateral:* | Superpriority security interest under 11 U.S.C. § 364 in all of the Debtors' estates' property, whether tangible or intangible, now existing or hereafter arising, and all accessions and additions thereto and all products and proceeds thereof other than equipment which is already encumbered by a first lien in favor of another lender. |
| *Priority Treatment:* | Superpriority administrative expense under 11 U.S.C. § 364(c)(l) over all administrative expenses or charges against property of the kind specified in 11 U.S.C. § 503(b), 506(c), 507(a) and 507(b), whether arising in the Debtor's Chapter 11 case or in any superseding Chapter 7 case, subject to a carve out of $100,000 to pay the Debtor's attorneys' fees and expenses allowed by the Court. |

19.     The Debtor believes that it has a business justification for entering into the Note in order to ensure that future operations are fully funded.

## Relief Requested

20.     Lenders are ready, willing and able to advance up to $800,000 USD on the terms set forth above.  The Court, however, must authorize the loan since it is outside of the ordinary course of business under 11 U.S.C. §364(b) and requires granting of super priority lien.

21.     The Debtor is unable to obtain alternative financing on reasonable terms with such short notice.

22.     Thus, the Debtor asks for this Court to authorize the Debtor to obtain up to $800,000 USD in credit on a final basis from lenders which will be entitled to priority set forth above.

## DIP Financing Legal Standard

23.     This Motion seeks relief under section 364(c) and (d) of the Bankruptcy Code. Section 364 reads, in relevant part:

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt
  (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;
  (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or
  (3) secured by a junior lien on property of the estate that is subject to a lien.

(d) (1) The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if
    (A) the trustee is unable to obtain such credit otherwise; and
    (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

(2) In any hearing under this subsection, the trustee has the burden of proof on the issue of adequate protection.

11 U.S.C. §364(c)-(d).

24.     The standard of Section 364 is met because the Debtor is unable to obtain credit that is not secured by a superpriority lien.

25.     Balaton and CenturyTel have agreed to subordination of their liens to the DIP Financing Agreement. At the time of the filing of this motion, Aegis has been requested to subordinate.  The DIP Financing Agreement is on favorable financing terms, and will enable the Estate to continue to operate and effectuate a plan of reorganization.

26.     Bankruptcy Rule 4001 states that 15 days' notice must be given before final approval of such financing is given.

27.     The Debtor requires court approval to enter into the Note.  There is little harm to general unsecured creditors under this agreement since Balaton, along with the other two secured lenders, has a first lien on substantially all of the Debtor's assets.  Thus, if the Debtor cannot fund operations, it will have to cease operating and there will be nothing left for unsecured creditors.

WHEREFORE, PREMISES CONSIDERED, the Debtor asks that the Court set a final hearing, and that the Court grant such other and further relief to which the Movant may show itself entitled.

DATED:  October 27, 2008

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: _*/s/ Edward L. Rothberg*_____
       Edward L. Rothberg
       State Bar No. 17313990
       Hugh M. Ray, III
       Texas Bar No. 24004246
       Eleven Greenway Plaza, Suite 1400
       Houston, Texas 77046
       Telephone:    (713) 961-9045
       Facsimile:    (713) 961-5341

ATTORNEYS FOR THE DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion has been served via the ECF system, facsimile or first class mail postage prepaid on October 29, 2008, to the parties shown on the Service List attached.

_*/s/ Edward L. Rothberg*_____
EDWARD L. ROTHBERG

EXHIBIT "A"



| | Comment | 15 Day<br>1-Nov | 15-Nov | 1-Dec | 15-Dec | 1-Jan | 15-Jan | 1-Feb | 120 Day Total |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 120 Day Projection | | | |
| **Cash Receipts** | | 380,596 | | 601,801 | - | 390,649 | - | 2,190,695 | 1,763,741 |
| Service Receivables (D Tab) | | 380,596 | | 601,801 | | 390,649 | | 390,695 | 1,763,741 |
| One-Time Receivables (MACD, Equipment) | | | | | | | | 1,800,000 | |
| **Operating Cash Disbursements:** | | | | | | | | | |
| **Satellite Capacity (A Tab)** | | - | 402,927 | 402,927 | - | 365,512 | - | 305,512 | 1,476,878 |
| Echostar | | | 45,000 | 45,000 | | 75,000 | | 110,000 | 275,000 |
| Intelsat | | | 227,001 | 227,001 | | 175,000 | | 80,000 | 709,002 |
| SES Americom, Inc. | | | 2,850 | 2,850 | | 2,850 | | 2,850 | 11,400 |
| SES New Skies | | | 38,000 | 38,000 | | 38,000 | | 38,000 | 152,000 |
| Space Connection | | | 27,174 | 27,174 | | 11,760 | | 11,760 | 77,868 |
| GSI (Globecomm) | | | 34,676 | 34,676 | | 34,676 | | 34,676 | 138,704 |
| Lyman Brothers (LBI Sat) | | | 28,226 | 28,226 | | 28,226 | | 28,226 | 112,904 |
| **Terrestrial Services (B Tab)** | | 46,750 | - | 46,750 | | 46,750 | - | 46,750 | 187,000 |
| Alpheus Internet | | 3,500 | | 3,500 | | 3,500 | | 3,500 | 14,000 |
| Alpheus Fiber | | 25,000 | | 25,000 | | 25,000 | | 25,000 | 100,000 |
| Paetec Internet (McCleod) | | 3,650 | | 3,650 | | 3,650 | | 3,650 | 14,600 |
| XO Communications PRI & Voice | | 7,500 | | 7,500 | | 7,500 | | 7,500 | 30,000 |
| MediSat Teleport | | 5,500 | | 5,500 | | 5,500 | | 5,500 | 22,000 |
| Intrado (E911) | | 1,500 | | 1,500 | | 1,500 | | 1,500 | 6,000 |
| RIPE (IP Addr) | | 100 | | 100 | | 100 | | 100 | 400 |
| **EFT Facility Costs** | | 11,200 | 25,973 | 56,932 | - | 56,682 | - | 55,912 | 206,699 |
| Reliant Energy (Utilites) | | | 13,000 | 13,000 | | 13,000 | | 13,000 | 52,000 |
| Farnum Street Financial (Equip Lease) | | | 9,466 | 9,466 | | 9,466 | | 9,446 | 37,844 |
| Pasadena ISD (Taxes) | | - | | - | | - | | | - |
| USA.net (IT) | | 1,000 | | 1,000 | | 750 | | - | 2,750 |
| Verizon (Cell Phone) | | 3,500 | | 3,500 | | 3,500 | | 3,500 | 14,000 |
| Houston Airport System-City of Houston (Lease) | | | 3,507 | 3,507 | | 3,507 | | 3,507 | 14,028 |
| Premiere Global Services (Conf Call Srvc) | | 500 | | 500 | | 500 | | 500 | 2,000 |
| Compucom (Labor & Equipment Lease) | | - | | 4,100 | | 4,100 | | 4,100 | 12,300  A |
| iDirect Hubs (Equipment Lease) | | - | | 15,659 | | 15,659 | | 15,659 | 46,977  B |
| Grounds Maint | | 300 | | 300 | | 300 | | 300 | 1,200 |
| B&T Janitorial (Cleaning) | | 750 | | 750 | | 750 | | 750 | 3,000 |
| Waste Mgt | | 135 | | 135 | | 135 | | 135 | 540 |
| Insurance | | 1,000 | | 1,000 | | 1,000 | | 1,000 | 4,000 |
| Johnson Controls (Security & Systems) | | 2,500 | | 2,500 | | 2,500 | | 2,500 | 10,000 |
| General Supplies | | 1,000 | | 1,000 | | 1,000 | | 1,000 | 4,000 |
| AT&T (Landline) | | 50 | | 50 | | 50 | | 50 | 200 |
| Mobil Mini (Storage Units) | | 315 | | 315 | | 315 | | 315 | 1,260 |
| City of Houston (Water) | | 150 | | 150 | | 150 | | 150 | 600 |
| **Reston Facility Costs** | | 7,500 | 11,500 | 19,000 | - | 18,750 | - | 18,500 | 75,250 |
| Sunrise Properties (Lease) | | | 11,500 | 11,500 | | 11,500 | | 11,500 | 46,000 |
| Utilities | | 1,000 | | 1,000 | | 1,000 | | 1,000 | 4,000 |
| AON Risk Services (Insurance) | | 4,000 | | 4,000 | | 4,000 | | 4,000 | 16,000 |
| USA.NET, Inc (Lavell) | | 500 | | 500 | | 250 | | | 1,250 |
| Verizon (Internet, VoIP, Fax) | | 1,500 | | 1,500 | | 1,500 | | 1,500 | 6,000 |
| General Supplies | | 500 | | 500 | | 500 | | 500 | 2,000 |
| **Payroll, Contract Labor, T&E (C Tab)** | | 126,625 | 126,476 | 140,207 | 107,707 | 144,207 | 105,707 | 148,207 | 899,137 |

| Salary | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Pat Brant | CEO | 12,750 | 12,750 | 12,750 | 12,750 | 12,750 | 12,750 | 12,750 | 89,250 |
| Brian Skimmons | COO | 7,917 | 7,917 | 7,917 | 7,917 | 7,917 | 7,917 | 7,917 | 55,419 |
| Jim Vedder | Controller | 7,708 | 7,708 | 7,708 | 7,708 | 7,708 | 7,708 | 7,708 | 53,956 |
| Douglas Whitworth | Acctg - Finance | 4,704 | 4,704 | 4,704 | 4,704 | 4,704 | 4,704 | 4,704 | 32,928 |
| Bob Hsu | VP Sales & Bus Dev | 6,875 | 6,875 | 6,875 | 6,875 | 6,875 | 6,875 | 6,875 | 48,125 |
| Greg Johnson | Director of Sales | 4,042 | 4,042 | 4,042 | 4,042 | 4,042 | 4,042 | 4,042 | 28,294 |
| Rick Davis | Director of Sales | 5,000 | 5,000 | - | - | - | - | - | 10,000 |
| Richard Arias | Director of Sales | 3,160 | 3,160 | 3,160 | 3,160 | 3,160 | 3,160 | 3,160 | 22,122 |
| Andre Wallace | Sales Engineer | 3,958 | 3,958 | 3,958 | 3,958 | 3,958 | 3,958 | 3,958 | 27,706 |
| Pete Semenach | Product Management | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 5,833 | 40,831 |
| Michael Thompson | Director of Programs | 3,750 | 3,750 | 3,750 | 3,750 | 3,750 | 3,750 | 3,750 | 26,250 |
| Bruce Dunlop | Program Management | 3,030 | - | - | - | - | - | - | 3,030 |
| Dan Murphy | Director of Teleport Ops | 4,375 | 4,375 | 4,375 | 4,375 | 4,375 | 4,375 | 4,375 | 30,625 |
| Beverly Stone | EFT Reception/Support | 1,917 | 1,667 | 1,667 | 1,667 | 1,667 | 1,667 | 1,667 | 11,917 |
| Pete Licce | NOC Supervisor | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 17,500 |
| David Beck | Support Engineer | 2,708 | 2,708 | 2,708 | 2,708 | 2,708 | 2,708 | 2,708 | 18,958 |
| Erik Drake | IP Engineer | 3,823 | 3,823 | 3,823 | 3,823 | 3,823 | 3,823 | 3,823 | 26,761 |
| James Hansley | IP Engineer | 3,519 | 3,519 | 3,519 | 3,519 | 3,519 | 3,519 | 3,519 | 24,633 |
| Gil Hugely | RF/Teleport Engineer | 3,401 | 3,401 | 3,401 | 3,401 | 3,401 | 3,401 | 3,401 | 23,807 |
| Greg Reaves | IP/Hub Engineer | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 2,500 | 17,500 |
| Hourly Staff | | | | | | | | | |
| Brad Albright | NOC Tech | 1,919 | 1,919 | - | - | - | - | - | 3,837 |
| James McClenny | NOC Tech | 1,651 | 1,651 | - | - | - | - | - | 3,302 |
| Jesse Ayson | NOC Tech | 2,384 | 2,384 | - | - | - | - | - | 4,769 |
| Jeff Myers | NOC Tech | 1,794 | 1,794 | - | - | - | - | - | 3,588 |
| Beau Mouirhead | NOC Tech | 744 | 1,900 | - | - | - | - | - | 2,644 |
| Payroll Taxes | | 7,800 | 7,638 | 6,517 | 6,517 | 6,517 | 6,517 | 6,517 | 48,023 |
| Benefits | | - | 19,000 | - | 16,000 | - | 14,000 | - | 49,000 |
| Commissions | | 16,862 | - | 16,000 | - | 15,000 | - | 14,000 | 61,862 |
| API Contract Labor (NOC) | | - | - | 15,000 | - | 20,000 | - | 25,000 | 60,000 |
| Tech Minders (IT) | | - | - | 2,500 | - | 2,500 | - | 2,500 | 7,500 |
| Travel & Expense | | - | - | 15,000 | - | 15,000 | - | 15,000 | 45,000 |
| **Consultants and Professional Fees** | | **4,000** | **6,167** | **11,167** | **-** | **31,667** | **-** | **28,167** | **81,168** |
| Deloitte & Touch (Auditing) | | - | - | - | - | 2,000 | - | - | 2,000 |
| Interdyn Progressive Group (Great Plains) | | 500 | - | 500 | - | 500 | - | 500 | 2,000 |
| Marcom | | 3,500 | - | 3,500 | - | 500 | - | 500 | 8,000 |
| CT Corp | | - | - | - | - | 1,500 | - | - | 1,500 |
| Oaklawn Services | | - | 6,167 | 6,167 | - | 6,167 | - | 6,167 | 24,668 |
| Weycer Kaplan Pulaski & Zuber | | | | | | 20,000 | | 20,000 | 40,000 |
| Wilkinson, Barker, Knauer (FCC Counsel) | | | | 1,000 | | 1,000 | | 1,000 | 3,000 |
| **Customer Equipment, Shipping, Field Srvcs** | | **-** | **30,000** | **-** | **-** | **-** | **-** | **-** | **30,000** |
| ACS Signal Corp/Andrews | | | | | | | | | - |
| BIP (Unicom) | | | | | | | | | - |
| Unidentified Vendor | | | | | | | | | - |
| Mini Circuits | | | 30,000 | | | | | | 30,000 |
| Graybar | | | | | | | | | - |
| MCS | | | | | | | | | - |
| iDirect, Inc. | | | | | | | | | - |
| Keypoint Services | | | | | | | | | - |
| United Services Source (Field Srvc) | | | | | | | | | - |
| United Shipping Solutions (Shipping) | | | | | | | | | - |
| Other Payables | | - | - | - | - | - | - | - | - |
| TBD | | | | | | | | | - |
| **Sub-total Operating Cash Expenses** | | **196,075** | **663,643** | **676,983** | **167,707** | **683,508** | **163,707** | **683,048** | **2,950,132** |

*Costs Align w/ One-time revenue*

| **Operating Cash Flow** | | | | | | (105,707) | 1,587,647 | 988,205 |
|---|---|---|---|---|---|---|---|---|

**Restructuring Costs & One-Time Cost:**

Transition from Intelsat to Echostar
    Customer Repoint
    Overlapping Capacity Cost (Dual Illumination)
    Contract Labor (API & Others)
    EFT Equipment Maintenance (Upgrade)
    Supplemental Equipment Lease (Short-term)

Legal, Accounting, & Professional Fees
    TBD
    TBD

Employee Reorganzation Costs
    TBD

| **Net Cash Revd / (Reqd)** | | | (79,182) | (272,919) | 1,587,647 | 988,205 |
|---|---|---|---|---|---|---|

**A** Compucom costs estimated based on following assumptions: $175,000 on a 5-yr lease at an assumed interest rate of 14% p.a.
**B** iDirect costs estimated based on the following assumptions: $673,000 on a 5-yr lease at an assumed interest rate of 14% p.a.
**C** $1,500 per trip x two trips / month per person x 5 traveling employees.

**MASTER SERVICE LIST**
**SkyPort Global Communications; Debtor**
**Case # 08-36737-H4-11**

Skyport Global Communications, Inc.
11140 Aerospace Ave
Houston, TX 77034

Harris County, et al.
c/o John P. Dillman
Linebarger Goggan Blair & Sampson
P O Box 3064
Houston, TX 77253-3503

Internal Revenue Service
Insolvency Section
1919 Smith MAIL STOP HOU 5022
Houston, TX 77002

Internal Revenue Service
PO Box 21116
Philadelphia, PA 19114

Stephen Statham
Office of the U. S. Trustee
515 Rusk, Room 3516
Houston, TX 77002

Attorney General's Office
Bankruptcy & Collections Division
PO Box 12548
Austin, TX 78711

Securities & Exchange Commission
Attn: Angela Dodd
175 W. Jackson Blvd, Suite 900
Chicago, IL 60604-2908

Paul Bettancourt
P. O. Box 4622
Houston, TX 77210-4089

Pasadena I.S.D.
Tax Assessor-Collector
2223 Strawberry Rd.
Pasadena, TX  77501

Balaton Group, Inc.
Attn:  Brogan Taylor
152 King St. E, Suite 400
Toronto ONTARIO
MSA 1JE
CANADA

Farnum Street Financial
Attn:  Ross Abrams
240 Pondview Plaza
5850 Opus Parkway
Minnetonka, MN 55343

AEGIS Texas Venture Fund, LP
Attn: Kevin Dragan
11000 Richmond,  Suite 550,
Houston TX  77042

Intelsat USA Sales Corp.
Attn: Chris Nibecker
3400 International Drive NW
Washington DC 20008

Telesat Network Services, Inc.
Attn: Ted Ignacy
1601 Telesat Court
Ottawa, ON K1B 5P4
Canada

EchoStar Corp.
Attn: Rhonda Parson
90 Inverness Circle East
Englewood, CO 80112

SES New Skies Satellites, BV
Attn: Scott Sprague
2001 L Street, Suite 800
Washington, DC 20036

AboveNet
Attn:  Thomas L. Kelly
360 Hamilton Ave., 7th Floor
White Plains, NY 10601

The Spaceconnection, Inc.
Attn:  Deborah Williams
PO Box 6067
Burbank, CA 91510-6067

Klabzuba Properties, Ltd.
Attn: Robert B. Higgs
14405 Walters Road,

VT iDirect Iinc.
Attn:  Geneza Simoes
13865 Sunrise Valley Drive
Herndon, VA 20171

Alpheus Communications, LP
Attn:  Chip Robertson
1001 Louisiana, Travis Place
Room 9126
Houston, TX 77002

Seyfarth Shaw LLP
Attn:  Christina Putnam
700 Louisiana, Suite 3700
Houston, TX 77002

Longbottom Communications
Attn: Penelope Longbottom
6105 N. 28th St.
Arlington, VA 22207

Compu Com
Attn: Gary Reilly
7171 Forest Lane
Dallas, TX 75230

Houston Airport System
Attn: Scott Feldman
City of Houston
PO Box 60106
Houston, TX 77205-0106

Robert Half Technology
Attn: Ron Ravin
5720 Stone Ridge, Suite 3
Covington, CA 94588

United Shipping Solutions
Attn:  Ted Michaelson
1880 S. Dairy Ashford, Suite 620
Houston, TX 77077

DataPath, Inc.
Attn: Betty Herrington
3095 Satellite Boulevard
Duluth, GA 30096

XO Communications
Attn:  Scott Harrison
2401 Portsmouth, Suite 200
Houston, TX 77098

Verizon Wireless
Attn:  Alexis B. Murray
PO Box 660108
Dallas, TX 75266-0108

Wilkinson, Barker, Knauer LLP
Attn: Bob Primosch.
2300 N Street NW, Suite 700
Washington, DC 20038-1128