IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | |
| | § | |
| DEBTOR | § | Chapter 11 |

### AGREED EMERGENCY[1] MOTION FOR EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS

*************************************************************************
**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 15 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**
*************************************************************************

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Debtor files this *Motion for Extension of Time to file Schedules and Statements of Financial Affairs* (the "Motion"), and states as follows.

### Factual Background

1.  This Chapter 11 case was filed on October 24, 2008, on an emergency basis with no preparation. The Schedules and Statement of Financial Affairs are due today. Counsel has worked diligently since employment to create schedules and work with the debtor's bookkeepers and creditors. The Debtor requests an additional 10 days from today to complete its schedules.

---

[1] Pursuant to Fed. R. Bankr. P. 1007(c), the United States Trustee, and any committee are the only parties required to receive notice of this pleading. There is no committee and the United States Trustee agrees to the relief sought herein.

2. The Debtor was a party to complex transactions, including a $42 Million debenture offering that consists of four hard-bound volumes stacked over 2 feet high, a series of complex intercompany transfers with Lavell Systems, FCC licenses, service agreements and even contracts with the Military. The Schedules and Statement of Financial Affairs are being prepared and are generally accurate. However, this counsel takes the duties of disclosure seriously.

3. This Court has repeatedly cautioned that "The three most important words in bankruptcy are: disclose, disclose, disclose." *In re Sanchez*, 372 B.R. 289, 305 (Bankr. S.D. Tex. 2007). *Havis v. AIG SunAmerica Life Assur. Co. (In re Bossart)*, 2007 Bankr. LEXIS 4349 (Bankr. S.D. Tex. 2007).

4. The Debtor, rather than file incomplete or confusing schedules, is endeavoring to file schedules that fully disclose:

   a. The security position of the debenture holders.

   b. The intercompany transfers for routine expenses,

   c. Non-routine transfers, and

   d. All executory contracts, permits, and assets held for the benefit of others.

5. The Debtor's financial statements and books have been kept by professionals <u>and audited by Deloitte</u>. This is not the situation of a debtor with insufficient recordkeeping. If anything, it is a case of a debtor whose recordkeeping, though helpful for a public offering, is too intricate for rapid creation of bankruptcy schedules.

6. There is no committee appointed in this case and no Section 1104 trustee.

7. This is not a proceeding under Chapter 11 by a "small business debtor" as that term is defined in 11 U.S.C. §101(51D).

**Legal Authority**

8. This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157, 1334.

9. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

10. Venue of the Debtor's Chapter 11 case is proper in this district pursuant to 28 U.S.C. §§ 1409.

11. The Debtor's duty to file Schedules and Statements is established under 11 U.S.C. §521(a) and Fed. R. Bankr. P. 1007(a). The Debtor's deadline to file schedules under Rule 1007(c) is 15 days after the petition.

12. Rule 1007(c) permits an extension of the deadline to file schedules "for cause" and upon motion and notice to the Trustee and any committee appointed.

13. "Cause" under Rule 1007(c) is the same cause that exists under Rule 9006(b)(1), and is a highly discretionary standard. See, e.g., 10-9006 Collier on Bankruptcy-15th Edition Rev. P 9006.06. "Cause" is an easier threshold to meet when the request is made before the expiration of the deadline

**Relief Requested**

14. This request is made before the expiration of the deadline for submission of the schedules. The Debtor asks for this Court to extend the time to file schedules and statements of financial affairs by 10 days – to November 20, 2008.

15. The extension sought is minimal and justified by the facts shown herein. The policies that support accurate disclosure also support the granting of a minimal 10 day extension so that the schedules will meet the Court's standard for disclosure.

16. Finally, the Debtor continues to discuss its reorganization with the senior secured lender.

**Certificate of Emergency and Conference**

17. Pursuant to BLR 9013, the undersigned certifies that, in his opinion, an emergency exists inasmuch as the Debtor must know whether the deadline has been extended and whether the debtor is complying with its disclosure obligations promptly. Prompt consideration of the motion avoids prejudice to the debtor and uncertainty for the creditors as to the effective deadline for schedules.

18. Under Bankruptcy Rule 1007(c), only the Trustee and Committee are required to agree to extensions of this deadline. There is no committee. The undersigned represents that Steven Statham, attorney for the U.S. Trustee, consents to this extension. Therefore, the request order may be considered an agreed order.

WHEREFORE, PREMISES CONSIDERED, the Debtor asks that the Court extend the deadline to file schedules and statements of financial affairs for an additional 10 days, to November 20, 2008.

DATED: November 10, 2008

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: */s/ Hugh M. Ray, III*
    Edward L. Rothberg
    State Bar No. 17313990
    Hugh M. Ray, III
    Texas Bar No. 24004246
    Eleven Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone:   (713) 961-9045
    Facsimile:   (713) 961-5341

ATTORNEYS FOR THE DEBTOR

- 5 -

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 10, 2008 true and correct copies of the foregoing motion were forwarded by the ECF system and/or by U.S. first class mail, postage prepaid, on, all parties listed on the attached Master Service List.

                                    */s/ Hugh M. Ray, III*
                                   HUGH M. RAY, III

**MASTER SERVICE LIST**
**SkyPort Global Communications; Debtor**
**Case # 08-36737-H4-11**

| | | |
|---|---|---|
| Skyport Global Communications, Inc.<br>11140 Aerospace Ave<br>Houston, TX 77034 | Harris County, et al.<br>c/o John P. Dillman<br>Linebarger Goggan Blair & Sampson<br>P O Box 3064<br>Houston, TX 77253-3503 | Internal Revenue Service<br>Insolvency Section<br>1919 Smith MAIL STOP HOU 5022<br>Houston, TX 77002 |
| Internal Revenue Service<br>PO Box 21116<br>Philadelphia, PA 19114 | Stephen Statham<br>Office of the U. S. Trustee<br>515 Rusk, Room 3516<br>Houston, TX 77002 | Kay D. Brock<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>PO Box 12548<br>Austin, TX 78711-2538 |
| Securities & Exchange Commission<br>Attn: Angela Dodd<br>175 W. Jackson Blvd, Suite 900<br>Chicago, IL 60604-2908 | Paul Bettancourt<br>P. O. Box 4622<br>Houston, TX 77210-4089 | Pasadena I.S.D.<br>Tax Assessor-Collector<br>2223 Strawberry Rd.<br>Pasadena, TX  77501 |
| Balaton Group, Inc.<br>Attn:  Brogan Taylor<br>152 King St. E, Suite 400<br>Toronto ONTARIO<br>MSA 1JE<br>CANADA | Farnum Street Financial<br>Attn:  Ross Abrams<br>240 Pondview Plaza<br>5850 Opus Parkway<br>Minnetonka, MN 55343 | AEGIS Texas Venture Fund, LP<br>Attn: Kevin Dragan<br>11000 Richmond,  Suite 550<br>Houston TX  77042 |
| Intelsat USA Sales Corp.<br>Attn: Chris Nibecker<br>3400 International Drive NW<br>Washington DC 20008 | Telesat Network Services, Inc.<br>Attn: Ted Ignacy<br>1601 Telesat Court<br>Ottawa, ON K1B 5P4<br>Canada | EchoStar Corp.<br>Attn: Rhonda Parson<br>90 Inverness Circle East<br>Englewood, CO 80112 |
| SES New Skies Satellites, BV<br>Attn: Scott Sprague<br>2001 L Street, Suite 800<br>Washington, DC 20036 | AboveNet<br>Attn:  Thomas L. Kelly<br>360 Hamilton Ave., 7th Floor<br>White Plains, NY 10601 | The Spaceconnection, Inc.<br>Attn:  Deborah Williams<br>PO Box 6067<br>Burbank, CA 91510-6067 |
| Klabzuba Properties, Ltd.<br>Attn: Robert B. Higgs<br>14405 Walters Road<br>Houston, TX 77014 | VT iDirect Iinc.<br>Attn:  Geneza Simoes<br>13865 Sunrise Valley Drive<br>Herndon, VA 20171 | Alpheus Communications, L.P.<br>Stephen W. Crawford,<br>General Counsel<br>1301 Fannin Street, 20th Floor |

| | | |
|---|---|---|
| Seyfarth Shaw LLP<br>Attn: Christina Putnam<br>700 Louisiana, Suite 3700<br>Houston, TX 77002 | Longbottom Communications<br>Attn: Penelope Longbottom<br>6105 N. 28th St.<br>Arlington, VA 22207 | Compu Com<br>Attn: Gary Reilly<br>7171 Forest Lane<br>Dallas, TX 75230 |
| Houston Airport System<br>Attn: Scott Feldman<br>City of Houston<br>PO Box 60106<br>Houston, TX 77205-0106 | Robert Half Technology<br>Attn: Ron Ravin<br>5720 Stone Ridge, Suite 3<br>Covington, CA 94588 | United Shipping Solutions<br>Attn: Ted Michaelson<br>10900 Northwest Freeway, Suite 219<br>Houston, TX 77092 |
| DataPath, Inc.<br>Attn: Betty Herrington<br>3095 Satellite Boulevard<br>Duluth, GA 30096 | XO Communications<br>Attn: Scott Harrison<br>2401 Portsmouth, Suite 200<br>Houston, TX 77098 | Verizon Wireless<br>Attn: Alexis B. Murray<br>PO Box 660108<br>Dallas, TX 75266-0108 |
| Wilkinson, Barker, Knauer LLP<br>Attn: Bob Primosch.<br>2300 N Street NW, Suite 700<br>Washington, DC 20038-1128 | Balaton Group, Inc.<br>Seyfarth Shaw LLP<br>Attn: Walter Cicack<br>700 Louisiana, Suite 3700<br>Houston, TX 77002 | Pasadena Independent School District<br>c/o Law Office of Dexter D. Joyner<br>4701 Preston Ave.<br>Pasadena, TX 77505 |
| AEGIS Texas Venture Fund, LP<br>c/o Kyung Lee<br>Jason Rudd<br>Diamond McCarthy Taylor Finley & Lee, LLP<br>909 Fannin, Suite 1500<br>Two Houston Center<br>Houston, Texas 77010 | Digital Networks, LLC<br>c/o William H. Hoch, III<br>Crowe & Dunlevy<br>20 N. Broadway, Suite 1800<br>Oklahoma City, OK 73102 | Globecomm Systems Inc<br>Attn: Julia Hanft, General Counsel.<br>45 Oser Avenue<br>Hauppauge, NY 11788 |
| Farnam Street Financial, Inc.<br>c/o Larry B. Ricke<br>Spence, Ricke, Sweeney & Gernes<br>Suite 600, Degree of Honor Building<br>325 Cedar Street<br>St. Paul, MN 55101 | | |