IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | |
| | § | |
| DEBTOR | § | Chapter 11 |

**JOINT EXPEDITED MOTION TO ESTABLISH RULE 16 SCHEDULING ORDER FOR CONTESTED MATTER BETWEEN DEBTOR AND API, AND FOR REJECTION OF THE PREPETITION API CONTRACT**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 20 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.
(THIS MOTION SEEKS EXPEDITED RELIEF, WHICH MAY REQUIRE A RESPONSE IN LESS THAN 20 DAYS)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Debtor, SKYPORT GLOBAL COMMUNICATIONS, INC. ("Debtor" or "SkyPort") and the respondent, ADVANCED PRODUCTS INTERNATIONAL, INC. ("API") move for a scheduling order on their contested matters and for an order rejecting API's prepetition contract showing the Court as follows:

**I. SUMMARY AND EXPEDITED BASIS**

1. The Debtor and API are parties to two contested matters – a contested Motion for Allowance and Payment of API's Administrative Expense claim (Docket #142) and to a

proceeding to compel assumption or rejection of one of API's contracts (Docket #138). The parties jointly move this Court for an order establishing a schedule for discovery, for briefing, and for trial of the contested matter on API's administrative expense claim for its post-petition contract. The parties also move for an order rejecting the API pre-petition contract.

2.   The trial of the breach of contract issue will take a day or two, and requires discovery. The Court has set a hearing for April 14, which is not enough time to present the witnesses, some of whom (for API) must travel from the West Coast. Accordingly, the parties ask that this motion be considered and before or at the April 14 hearing.

## II. LEGAL BASIS

3.   API filed its application for payment of an administrative expense. The application for payment is a "contested matter" governed by Fed. R. Bankr. P. 9014. Fed. R. Bankr. P. 9014 permits the Court to issue scheduling orders under part VII of the Bankruptcy Rules, including Bankruptcy Rule 7016.

**4.**   The contested matter is a "core proceeding" arising under the bankruptcy code.

## III.  BACKGROUND

5.   API filed its motion to compel assumption or rejection of its prepetition contract on March 10, 2009. The Debtor responded on March 30, 2009 with the response indicating that it would reject the contract. The Debtor's response indicated that neither party performed on the contract post-petition and that the parties signed a replacement contract post-petition.

6.   API filed its Application for Payment of Administrative Expenses (docket #142) on March 19, 2009. The Debtor responded with an objection claiming that the contract was breached by API.

7. From the Debtor's perspective, the issue of breach of contract is an issue of whether API breached, failed to perform, and whether API obtained the contract by misrepresentations, etc. From API's perspective, the issue is whether the complaints amount to a breach, whether warranties were disclaimed, and whether representations were covered by a merger clause.

8. Both positions will require production of documents, introduction of exhibits, and presentation of witnesses. This may require two days of trial. This trial requires discovery.

9. The Court has set a hearing on the objection to administrative expense claims for April 14 2009.

## IV. RELIEF REQUESTED

10. The Debtor's decision to reject a contract is given great discretion. The Debtor has stated its reasons for desiring to reject the pre-petition API contract. Accordingly, the Court should authorize rejection of the contract.

11. The Debtor and API also request that the April 14, 2009 hearing be considered a scheduling conference, and that at the Court establish a schedule for discovery, and that the Court set a trial date.

WHEREFORE, the Debtor and API respectfully request that the Court set a scheduling conference and discovery schedule for the API post-petition contract issue, and set a trial on the breach of contract issue for two days that matches the schedules of the parties and the convenience of the court.

Dated: April 9, 2009

                Respectfully submitted,

                WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

                By:_____/s/ Hugh M. Ray, III_____
                    EDWARD L. ROTHBERG
                    State Bar No. 17313990
                    HUGH M. RAY, III
                    State Bar No. 24004246
                    Eleven Greenway Plaza, Suite 1400
                    Houston, Texas 77046
                    Telephone: (713) 961-9045
                    Facsimile: (713) 961-5341

                ATTORNEYS FOR DEBTOR


                ADAIR & MYERS, PLLC

                By:____/s/ by Permission HMR_____
                    CALVIN BRAUN
                    State Bar No. 00783713
                    Federal I.D. No. 15280
                    3120 Southwest Freeway, Suite 320
                    Houston, Texas 77098
                    Telephone: (713) 522-2270
                    Facsimile: (713) 522-3322

                ATTORNEYS FOR ADVANCED PROJECTS
                INTERNATIONAL, INC.

## **CERTIFICATE OF SERVICE**

      I hereby certify that true and correct copies of the foregoing motion were forwarded via ECF and/or U.S. first class mail, postage prepaid, on April 9, 2009, to the parties on the ECF service list.

                                        */s/ Hugh M. Ray, III*
                                        HUGH M. RAY, III