IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC. | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |

**MOTION OF ADVANCED PROJECTS INTERNATIONAL, INC.
FOR RECONSIDERATION
OF ORDER APPROVING ENTRY INTO POST PETITION LEASE AGREEMENT
WITH UPSTREAM INVESTMENTS, LLC (Docket #209) AND OBJECTION TO THE
JOINT MOTION TO AMEND ORDER APPROVING LEASE
AND PURCHASE OPTION (Docket #209) UNDER FED. R. CIV. P. 60(A) (Docket#214)**

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY (20) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY (20) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

COMES NOW, ADVANCED PROJECTS INTERNATIONAL, INC., (hereinafter "Advanced") and files this its Motion of Advance Projects International, Inc., For Reconsideration of Order Approving Entry Into Post Petition Lease Agreement With Upstream

Investments, LLC (Docket #209) And Objection To The Joint Motion To Amend Order Approving Lease Purchase Option (Docket #209) Under Fed. Fed. R. Civ. P. 60(a) (Docket #214) and would respectfully shows the Court as follows:

1. On or about October 24, 2008, the SkyPort Global Communications, Inc., ("Debtor") filed its voluntary petition for relief under Chapter 11 of Title of the United States Code (the "Bankruptcy Code"), thereby commencing this case. The Debtor is operating its business and managing its properties as Debtor-In-Possession pursuant to § 1107 (a) and § 1108 of the Bankruptcy Code.

2. Advanced Projects International, Inc., is an unsecured creditor in this Estate by virtue of its pre-petition service contract entered into with the Debtor and balance due and owing prior to the filing date. Further, Advanced has an administrative claim for which the Debtor has objected to, but which has not yet been adjudicated by the court.

3. On or about April 20, 2009, the Debtor filed an Emergency Motion For Approval of Entry Into Post Petition Lease Agreement and Purchase Option with Upstream, LLC. (Docket #204) (the "Motion"). Said Motion requested emergency consideration and ultimately the court's approval of a post petition lease of an asset of the Estate, in particular a i-Direct hub ("Hub") to Upstream Investments, LLC ( hereinafter known as "Upstream").

4. On or about April 27, 2009, the court seven (7) days later signed an Order Approving Entry Into Post Petition Lease Agreement With Upstream Investments, LLC. (Docket #209) (See attached Exhibit "A").

5. On or about May 4, 2009, the Debtor filed a Joint Motion To Amend Order Approving Lease and Purchase Option (Docket #209) Under Fed. R. Civ. P. 60(a). ("Joint Motion") (Docket #214).

## RELIEF REQUESTED

6. Advanced requests that this Court reconsider and/or vacate the Order Approving Entry Into Post Petition Lease Agreement With Upstream Investments, LLC. (Docket #209). The Court should grant the relief request because:

   a) Pursuant to Federal Rules of Civil Procedure 59, as incorporated Federal Rule of Bankruptcy Procedure 9023, entitled "New Trials; Amendment of Judgement".

   b) Alternatively, Pursuant to Federal Rules of Civil Procedure 60(b), as incorporated Federal Rules of Bankruptcy Procedure 9024, entitled "Relief from a Judgment or Order".

## ARGUMENTS AND AUTHORITIES.

7. Federal Rules of Civil Procedure 59(e), as incorporated Federal Rule of Bankruptcy Procedure 9023, allows the court to alter or amend a judgment or order so long as said motion is filed within 10 days of the entry of the judgment. Here said order was entered on April 27, 2009 and Advanced is filing this motion the within the 10 days after the entry of the order. Well within the required time frame.

A motion to reconsideration a case or order under Rule 59(e) though subject to much more stringent time limitations than a comparable motion under Rule 60(b), is not controlled by the same exacting substantive requirements. See *In re Berg*, 383 B.R. 631 (Bankr. W.D. Tx. 2008). Rule 59(e), therefore provides the district court with the power to consider equitable factors and provide relief for "any...reason justifying relief from the operation of the judgment. See *In re Berg*, 383 B.R. 631 (Bankr. W.D. Tx. 2008). The 5th Circuit has concluded that in order to reconsider and order or case under Rule 59(e) on the basis of evidentiary material that were not timely submitted, the mover need not first show that its default was result of mistake,

inadvertence, surprise or excusable negligent or that the judgment is manifestly wrong. *Lavespere v. Niagara Machine & Tool Works, Inc.* 910 F.2nd 167 (5th Cir. 1990).

8. Within this case, the creditors and the court had no opportunity to here any evidence from Advanced or any other creditors, as to the valuation of the Hub, the relationship of the purchaser to the Debtor and effect on the valuation of the asset upon sale, thereby possibility identifying the Hub as "grey market" by iDirect and thereby lowering the value. Further, the Motion and attached order are in direct conflict as to what exactly the Debtor is requesting to be approved in that the Motion is requesting approval of a post petition lease, but the attached order to the Motion is requesting a sale free and clear of all liens. Therefore, the Court should vacate, the Order Approving Entry Into Post Petition Lease Agreement With Upstream Investments, LLC. (Docket #209) , and deny the Joint Motion (Docket #214) given the lack of unfair prejudice as to the omitted evidence and true intent of the Debtor and Upstream.

9. Additionally, pursuant to Federal Rules of Civil Procedure 60(b), as incorporated Federal Rules of Bankruptcy Procedure 9024, allows the court to relieve a party or its legal representative from final judgment, order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect... (4) the judgment is void... (6) any other reason that justifies relief. The Motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

This motion is timely as it has been made within the 10 day of the entry of the court's order granting the Motion.

10. For the stated reasons in paragraph eight (8) by Advanced, and hereby adopted

in whole above as said reasons are valid under Federal Rules of Civil Procedure 60(b), as incorporated Federal Rules of Bankruptcy Procedure 9024 to vacate the Order Approving Entry Into Post Petition Lease Agreement With Upstream Investments, LLC. (Docket #209), and deny the Joint Motion (Docket #214).

WHEREFORE, PREMISES CONSIDERED, Advanced Projects International, Inc., hereby requests the Court to vacate the Order Approving Entry Into Post Petition Lease Agreement With Upstream Investments, LLC. (Docket #209), and deny the Joint Motion (Docket #214) and prays for such other and further relief, at law and equity to which it may be entitled

Dated: May 7, 2009

Respectfully submitted,

ADAIR & MYERS, PLLC

___/s/ Calvin Braun_____
Calvin Braun
SBN. 00783713
3120 Southwest Freeway, Ste. 320
Houston, Texas 77098
(713) 522-2270
(713) 522-3322ax

ATTORNEY FOR ADVANCED
PROJECTS INTERNATIONAL, INC.

Exhibit A

Case 08-36737   Document 216   Filed in TXSB on 05/07/09   Page 7 of 13
Case 08-36737   Document 209   Filed in TXSB on 04/2 /9   Page 1 of 2
Case 08-36737   Document 204-2   Filed in TXSB on 04/20/09   Page 1 of 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/27/2009

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC. | § | |
| | § | |
| DEBTOR | § | CHAPTER 11 |

### ORDER APPROVING ENTRY INTO POST PETITION
### LEASE AGREEMENT WITH UPSTREAM INVESTMENTS, L.L.C.

ON consideration of the Emergency Motion for Approval of Entry in Post Petition Lease Agreement and Purchase Option with Upstream Investments, L.L.C. ("Motion") filed by Debtor, SKYPORT GLOBAL COMMUNICATIONS, INC. ("SkyPort or Debtor"), pursuant to 11 U.S.C. §363, the Court has considered the Motion, the Lease agreement and Purchase Option attached thereto, and authorizes the Debtor to enter into the Lease and Purchase Option. The Court further makes the following findings of fact and conclusions of law:

The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.

Due notice of the Motion has been provided under the circumstances and it appears that no other or further notice need be provided.

The Court has determined that entry into the Lease and Purchase Option represents a valid exercise of the Debtor's sound business judgment.

The Equipment can be leased and the intellectual property licenses of the Debtor may be retained while the equipment is operated under lease.

The Court has determined that the relief sought in the Motion is in the best interests of the Debtor's estate and all parties in interest, and that Upstream Investments, LLC will be a good

{SKY001\00006\0524918.DOC;2\KJM}

Case 08-36737   Document 216   Filed in TXSB on 05/07/09   Page 8 of 13
Case 08-36737   Document 209   Filed in TXSB on 04/29   Page 2 of 2
Case 08-36737   Document 204-2   Filed in TXSB on 04/20/09   Page 2 of 2

faith purchaser as defined by 11 U.S.C. §363(m) if it purchases the equipment after the conclusion of the lease and all lease payments.

Dated: 4/27/2009

_____
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on May 7th, 2009, a copy of the foregoing Motion was served by first class mail, postage prepaid, and/or ECF Transmission upon the Debtor, Debtor's counsel, and all listed parties on the attached service sheets.

      /s/ Calvin Braun
      Calvin Braun

**MASTER SERVICE LIST**
**SkyPort Global Communications; Debtor**
**Case # 08-36737-H4-11**

| | | |
|---|---|---|
| Skyport Global Communications, Inc.<br>11140 Aerospace Ave<br>Houston, TX 77034 | Harris County, et al.<br>c/o John P. Dillman<br>Linebarger Goggan Blair & Sampson<br>P O Box 3064<br>Houston, TX 77253-3503 | Internal Revenue Service<br>Insolvency Section<br>1919 Smith MAIL STOP HOU 5022<br>Houston, TX 77002 |
| Internal Revenue Service<br>PO Box 21116<br>Philadelphia, PA 19114 | Stephen Statham<br>Office of the U. S. Trustee<br>515 Rusk, Room 3516<br>Houston, TX 77002 | William A. Frazell<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>PO Box 12548<br>Austin, TX 78711-2538 |
| Securities & Exchange Commission<br>Attn: Angela Dodd<br>175 W. Jackson Blvd, Suite 900<br>Chicago, IL 60604-2908 | Paul Bettancourt<br>P. O. Box 4622<br>Houston, TX 77210-4089 | Pasadena I.S.D.<br>Tax Assessor-Collector<br>2223 Strawberry Rd.<br>Pasadena, TX 77501 |
| Balaton Group, Inc.<br>Attn: Brogan Taylor<br>152 King St. E, Suite 400<br>Toronto Ontario MSA 1JE<br>Canada | Farnum Street Financial<br>Attn: Ross Abrams<br>240 Pondview Plaza<br>5850 Opus Parkway<br>Minnetonka, MN 55343 | AEGIS Texas Venture Fund, LP<br>Attn: Kevin Dragan<br>11000 Richmond, Suite 550<br>Houston TX 77042 |
| CenturyTel, Inc.<br>Attn: Stewart Ewing, CFO<br>100 CenturyTel Drive<br>Monroe, Louisiana 71203 | CenturyTel, Inc.<br>c/o Rex D. Rainach<br>A Professional Law Corporation<br>3622 Government Street<br>Baton Rouge, LA 70806-5720 | Brad Lee<br>Bankruptcy Specialist<br>XO Communications, LLC<br>105 Malloy Street<br>Nashville, TN 37201 |
| Intelsat USA Sales Corp.<br>Attn: Chris Nibecker<br>3400 International Drive NW<br>Washington DC 20008 | Telesat Network Services, Inc.<br>Attn: Richard O'Reilly<br>1601 Telesat Court<br>Ottawa<br>Ontario, Canada ON K1B 5P4 | EchoStar Corp.<br>Attn: Rhonda Parson<br>90 Inverness Circle East<br>Englewood, CO 80112 |
| SES New Skies Satellites, BV<br>Attn: Scott Sprague<br>2001 L Street, Suite 800<br>Washington, DC 20036 | AboveNet<br>Attn: Thomas L. Kelly<br>360 Hamilton Ave., 7th Floor<br>White Plains, NY 10601 | The Spaceconnection, Inc.<br>Attn: Deborah Williams<br>PO Box 6067<br>Burbank, CA 91510-6067 |
| Klabzuba Properties, Ltd.<br>Attn: Robert B. Higgs<br>14405 Walters Road, Suite 800<br>Houston, TX 77014 | VT iDirect Iinc.<br>Attn: Geneza Simoes<br>13865 Sunrise Valley Drive<br>Herndon, VA 20171 | Alpheus Communications, L.P.<br>Alpheus Data Services<br>c/o Stephen W. Crawford, General Counsel<br>1301 Fannin Street, 20th Floor<br>Houston, TX 77002 |
| Seyfarth Shaw LLP<br>Attn: Christina Putnam<br>700 Louisiana, Suite 3700<br>Houston, TX 77002 | Longbottom Communications<br>Attn: Penelope Longbottom<br>2343 N. Vernon St.<br>Arlington, VA 22207 | Compu Com<br>Attn: Minnie Morrison<br>7171 Forest Lane<br>Dallas, TX 75230 |

Houston Airport System
Attn: Scott Feldman
City of Houston
PO Box 60106
Houston, TX 77205-0106

Robert Half Technology
Attn: Ron Ravin
5720 Stone Ridge, Suite 3
Covington, CA 94588

United Shipping Solutions
Attn: Ted Michaelson
10900 Northwest Freeway, Suite 219
Houston, TX 77092

DataPath, Inc.
Attn: Betty Herrington
3095 Satellite Boulevard
Duluth, GA 30096

XO Communications
Attn: Scott Harrison
2401 Portsmouth, Suite 200
Houston, TX 77098

Verizon Wireless
Attn: Alexis B. Murray
PO Box 660108
Dallas, TX 75266-0108

Wilkinson, Barker, Knauer LLP
Attn: Bob Primosch.
2300 N Street NW, Suite 700
Washington, DC 20038-1128

Balaton Group, Inc.
Seyfarth Shaw LLP
Attn: Walter Cicack
700 Louisiana, Suite 3700
Houston, TX 77002

Pasadena Independent School District
c/o Law Office of Dexter D. Joyner
4701 Preston Ave.
Pasadena, TX 77505

AEGIS Texas Venture Fund, LP
c/o Kyung Lee / Jason Rudd
Diamond McCarthy Taylor Finley & Lee
909 Fannin, Suite 1500
Two Houston Center
Houston, Texas 77010

Digital Networks, LLC
c/o William H. Hoch, III
Crowe & Dunlevy
20 N. Broadway, Suite 1800
Oklahoma City, OK 73102

Globecomm Systems Inc
Attn: Julia Hanft, General Counsel.
45 Oser Avenue
Hauppauge, NY 11788

Farnam Street Financial, Inc.
c/o Larry B. Ricke
Spence, Ricke, Sweeney & Gernes
Suite 600, Degree of Honor Building
325 Cedar Street
St. Paul, MN 55101

Cisco Capital
c/o Thomas M. Gaa
Bialson, Bergen & Schwab
2600 El Camino Real, Suite 300
Palo Alto, California 94306

PAETEC
c/o Shannon I. Sullivan
Specialist - Revenue Assurance
PO Box 3177
Cedar Rapids, IA 52406-3177

Intelsat, Ltd.
c/o Herrick Feinstein LLP
Attn Stephen Selbst / John M. August
One Gateway Center
Newark, New Jersey 07102

William R. Greendyke
Jason L. Boland / Travis A. Torrence
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, TX 77010

Sunrise Campus Investors dba
BPG Properties, Ltd
Attn: Roger Byecroft & Keith Knight
11130 Sunrise Valley Drive, Suite 100
Reston, VA 20191

Intrado, Inc.
Attn: Elaine Stuart
1601 Dry Creek Drive
Longmont, CO 80503

Deloitte & Touche LLP
Attn Francesca Filippelli, Sr. Legal Specialist
30 Wellington Street West
P O Box 400, Stn Commerce Court
Toronto, ON M5L 1B1, Canada

SES New Skies Satellites, Inc.
c/o Philip W. Allogramento III
Stephen V. Falanga / Connell Foley LLP
85 Livingston Ave.
Roseland, NJ 07068

Verizon Wireless
P.O. Box 3397
Bloomington, IL 61702

Ambius
P.O. Box 95409
Palatine, IL 60095-0409

Patrick K. Brant
10186 Hillington Court
Vienna, VA 22182

Brett J. Kitei
Corporate Counsel
DISH Network L.L.C.
9601 South Meridian Boulevard
Englewood, Colorado 80112

Michael R. Rochelle / Kathleen M. Patrick
Rochelle McCullough LLP
325 N. St. Paul St., Suite 4500
Dallas, TX 75201

Digital Networks, LLC
c/o John F. Higgins
Porter & Hedges, LLP
1000 Main Street, 36th Floor
Houston, TX 77002

iDirect, Inc.
c/o H. Jason Gold / Dylan G. Trache
Wiley Rein LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA 22102

Alpheus Data Services, LLC
c/o William R. Greendyke
Jason L. Boland / John D. Cornwell
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, TX 77010

Advanced Projects International Inc.
c/o Calvin Braun
Adair & Myers, PLLC
3120 Southwest Freeway, Suite 320
Houston, TX 77098

Advanced Projects International Inc.
c/o Kenneth English
Gaw, Van Male, Smith, Myers & Miroglio
1000 Main Street
Napa, CA 94559

Data Technology Solutions, LLC
c/o Bryan E. Lege
Kraft Gatz Lane Benjamin LLC
600 Jefferson St., Suite 410
Lafayette, LA 70501

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| SKYPORT GLOBAL COMMUNICATIONS, INC. | § § § | CASE NO. 08-36737-H4-11 (CHAPTER 11) |
| DEBTOR | § § § | |

### ORDER

Came on to be considered the Motion and after having considered the pleadings, papers and records on file in this case, the Court is of the opinion that such Motion should be granted. It is, therefore,

ORDERED, that the Order Approving Entry Into Post Petition Lease Agreement With Upstream Investments, LLC. (Docket #209) is Vacated, and the Joint Motion (Docket #214) is Denied.

Dated: _____

_____
UNITED STATES BANKRUPTCY JUDGE