John E. Mitchell, SBT #00797095
**VINSON & ELKINS L.L.P.**
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel:  214-220-7766
Fax: 214-999-7766

**ATTORNEYS FOR DRACO CAPITAL, INC.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC. | § | |
| | § | |
| DEBTOR. | § | Chapter 11 |
| | § | |

**OBJECTION TO CONFIRMATION OF THE PLAN OF REORGANIZATION
OF  SKYPORT GLOBAL COMMUNICATIONS, INC.**

**DRACO CAPITAL INC.** ("Draco") hereby files this *Objection* ("Objection") *to Confirmation of the Plan of Reorganization of SkyPort Global Communications, Inc.* (the "Plan")[1] proposed by SkyPort Global Communications, Inc. (the "Debtor") and respectfully states as follows:

**PRELIMINARY STATEMENT**

1.     This Court should not confirm the Plan for, at a minimum, two reasons.  First, the Plan violates Delaware General Corporation Law ("Delaware Law") as a result of the Debtor's plan to conduct a merger with SkyComm without the requisite vote of SkyComm's *actual* shareholders.  Second, as a result of the Debtor's Plan to merge with SkyComm, the Debtor's Plan violates the provisions of Title 11, or more specifically, attempts an end-run around the

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning as those given in the Plan.

protections and due process provided under Title 11 by attempting a de facto substantive consolidation of a debtor entity with a non-debtor entity, and instantaneously wipes out the equity interests of the non-debtor shareholders. The Plan is non-confirmable on its face, and confirmation should be in all things denied by this Court.

## BACKGROUND FACTS

2. The Debtor's Plan and related Disclosure Statement appear to be deliberately misleading as to the true equity structure of the Debtor's parent, SkyComm. In the Plan and Disclosure Statement, the Debtor asserts that Balaton holds a 58 percent ownership interest in SkyComm. In actuality, according to documents issued by Balaton itself, Clear Sky Investments, L.P., a Delaware limited partnership ("Clear Sky") holds 359,724,400 shares of Skycomm, representing a 48.81 percent interest in Skycomm, while Balaton directly holds 72,239,480 shares in Skycomm, representing only a 9.8 percent interest in Skycomm. Clear Sky Management, Inc. is the general partner of Clear Sky, and manages Clear Sky, but contrary to the Debtor's filings and statements in its Plan, Disclosure Statement and other Court filings (e.g. the List of Equity Interest Holders), Balaton itself is **not** the majority equity interest owner of SkyComm. Indeed, Clear Sky is the majority equity interest holder of SkyComm.

3. Draco, in turn, is a limited partner of Clear Sky. As the Debtor's Plan seeks to impermissibly expunge Clear Sky's equity interests in SkyComm through an impermissible merger of SkyComm into the Debtor as part of the Plan, Draco is directly, materially and financially impacted thereby and, therefore, is a real party in interest to this Bankruptcy Case and has absolute standing to be heard by this Court in this Plan Objection.

**OBJECTIONS**

**THE PLAN IMPERMISSIBLY SEEKS TO SUBSTANTIVELY CONSOLIDATE A DEBTOR WITH A NON-DEBTOR AND IMPAIRS AND DISCHARGES THE NON-DEBTOR'S EQUITY INTERESTS**

4.  The Debtor's Plan impermissibly seeks to substantively consolidate a non-debtor (SkyComm) as part of the Plan with the Debtor and to discharge and cancel the interests of equity holders in SkyComm without providing the equity interest holders the protections they would otherwise receive in a Chapter 11 bankruptcy case. To illustrate:

5.  Section 6.3, Merger, of the Plan states:

"The Debtor is a wholly owned subsidiary of SkyComm. The only asset of SkyComm is the Debtor and the only liability of SkyComm is to CenturyTel. SkyComm is a Delaware corporation. Pursuant to Delaware law, SkyComm (the parent company) will merge into the Debtor (the wholly owned subsidiary). The merger will be accomplished by the ***vote of Balaton*** as shareholder of SkyComm. Once merged, ***the Debtor's equity interests (formerly SkyComm's equity holders)*** will be cancelled and shares of the Reorganized Debtor re-issued in exchange for the Claims of Balaton." (emphasis added).

6.  The operative wording "*the Debtor's equity interests (formerly SkyComm's equity holders)*" illustrates the Debtor's true intent here, that is, to somehow morph the equity interest holders of the non-debtor parent, SkyComm, into equity interest holders of the Debtor, and instantaneously wipe out their interests without having put SkyComm through a Chapter 11 bankruptcy proceeding. This apparently has been the Debtor's intent all along. Pursuant to the Debtor's List of Equity Interest Holders, the Debtor did not identify its parent (SkyComm) as the sole shareholder, but instead identified SkyComm's shareholders. However, notably absent from the list is SkyComm's largest shareholder, Clear Sky. Without first putting SkyComm into Chapter 11, the Debtor's Plan, if confirmed by this Court, would deny SkyComm's equity holders due process, and robs them of the rights and protections afforded to them under the Bankruptcy Code.

7.     Furthermore, the merger of the two entities cannot be approved as part of the Debtor's Plan as it is not authorized under applicable Delaware Law.  Nor has the Debtor been forthcoming in its filings with the Court, identifying Balaton as the majority shareholder of SkyComm, when in fact the majority shareholder is Clear Sky.  Additionally, the Debtor should not be allowed to use this Court as a vehicle for its controlling insiders and insider creditors, Robert Kubbernus[2] and Balaton, to steal ownership of the Debtor away from the true equity holders of SkyComm.  The Debtor attempts an impermissible substantive consolidation of a non-debtor with a debtor, a remedy that this Court may not have jurisdiction to enforce.

8.     Additionally, pursuant to Section 1129(a)(3) of the Bankruptcy Code, this Court may not confirm a plan if the plan is "by any means forbidden by law." 11 U.S.C. §1129(a)(3).  Given that Clear Sky is the 48.81 percent interest holder in SkyComm and that Balaton holds only a 9.8 percent interest in SkyComm, a vote by Balaton alone in favor of a merger will not satisfy the voting requirements under applicable Delaware Law.  Furthermore, the Debtor's failure to disclose the true relationships of the parties and intent to defraud SkyComm's equity interest holders is a violation of the "good faith" requirement under Section 1129(a)(3).

**THE DEBTOR'S PLAN IMPERMISSIBLY ATTEMPTS TO CHERRY-PICK BENEFICIAL PROVISIONS FROM DELAWARE LAW AND THE BANKRTUPCY CODE TO ARRIVE AT ITS PROPOSED PLAN.**

9.     The Debtor's Plan is a clear attempt to cherry-pick rights and remedies from the Bankruptcy Code and Delaware Law in order for it to achieve its desired result, but without complying completely with the requirements of both.  On one hand, the Debtor uses Delaware Law to merge a non-debtor into the Debtor in order to take advantage of SkyComm's relatively

---

[2]  Mr. Kubbernus' actions in attempting to wipe out the interests of the equity holders of SkyComm for his personal gain is also likely a breach of his fiduciary duties to other shareholders of SkyComm.

valuable assets, which are the NOLs[3]. On the other hand, however, the Debtor violates the requirement under Delaware Law that a merger must be effected by the ***majority vote*** of the corporation's shareholders. This Court must prevent the Debtor's bad faith attempts to use confirmation of the Plan in this manner.

**THE PLAN'S EXCULPATON AND RELEASE CLAUSES SEEK TO UNFAIRLY LIMIT THE RIGHTS OF SHAREHOLDERS.**

      10.     Section 13.8, Exculpation, of the Plan states:

"Neither the Debtor, the Insider Released Parties, nor any of their respective present members, officers, directors, or employees shall have or incur any liability to any holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, advisors, attorneys, or affiliates, or any of their successors or assigns, for any act or omission (specifically including negligence and gross negligence) in connection with, relating to, or arising out of the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions not otherwise released and which are the result of fraud or willful misconduct, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan."

      11.     Draco submits that Mr. Kubbernus' actions and that of Balaton are a blatant breach of their fiduciary duties to the shareholders of SkyComm. The exculpation clause, however, could insulate Mr. Kubbernus and Balaton from subsequent liability. This Court should not allow plan exculpations to be used in this fashion.

      12.     Furthermore, Section 13.7, Releases, of the Plan states:

"On the Effective Date and pursuant to Section 1123(b)(3)(A) of the Bankruptcy Code, the Debtor, and to the maximum extent provided by law, its agents, release and forever discharge all claims, including acts taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination,

---

[3] See Disclosure Statement, Section V.B. "To preserve favorable tax treatment and Net Operating Loss Carryovers, approximately $1.7 Million of which reside in the Parent of the Debtor, the Debtor will, in the Plan, merge with the parent company…"

implementation, confirmation or consummation of the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into or any other act taken or entitled to be taken in connection with the Plan or this case against…Robert Kubbernus and Balaton…"

13. The Debtor's Plan releases Mr. Kubbernus and Balaton. As previously stated herein, Balaton's acts are a breach of its (and Mr. Kubbernus') fiduciary duties to the shareholders of SkyComm. Because the Debtor seeks to "swallow" its parent as part of the Plan, the Plan would in effect also grant a release by SkyComm. SkyComm and its constituencies realize no benefit from this Plan, and are in fact being denuded of value. SkyComm's claims against Balaton and Mr. Kubbernus should not be released.

## PRAYER

**WHEREFORE**, Draco requests that this Court deny confirmation of the Debtor's Plan of Reorganization and grant to Draco such other relief to which it may be justly entitled.

Dated: July 31, 2009

        Respectfully submitted,

        **VINSON & ELKINS L.L.P.**
        2001 Ross Avenue, Suite 3700
        Dallas, Texas 75201-2975
        Tel:  214-220-7766
        Fax: 214-999-7766


        By:     /s/ John E. Mitchell
        John E. Mitchell, SBT #00797095


        **ATTORNEYS FOR DRACO CAPITAL, INC.**


## CERTIFICATE OF SERVICE

    This is to certify that on July 31, 2009, a copy of the foregoing document was served upon all parties via the Court's electronic case filing system (ECF) and via U.S. Mail to those parties indicated by ECF as not receiving electronic e-mail service.

        By:     /s/ John E. Mitchell
                One of counsel