John E. Mitchell, SBT #00797095
John C. Ivascu, SBT #24067680
**VINSON & ELKINS L.L.P.**
First City Tower
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Tel: 713-758-2222
Fax: 713-758-2346

**ATTORNEYS FOR DRACO CAPITAL, INC.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **SKYPORT GLOBAL COMMUNICATIONS, INC.** | § | **CASE NO. 08-36737-H4-11** |
| | § | |
| | § | |
| **DEBTOR.** | § | **Chapter 11** |
| | § | |
| | § | **(Expedited Hearing Requested)** |

**EXPEDITED MOTION TO TERMINATE EXCLUSIVITY**

**DRACO CAPITAL INC.** ("Draco") hereby files this *Expedited Motion to Terminate Exclusivity* (this "Motion") and respectfully states as follows:

1. Clear Sky Investments, L.P., a Delaware limited partnership ("Clear Sky") holds 359,724,400 shares of Skycomm Technologies Corporation ("SkyComm"), representing a 48.81 percent interest in Skycomm. Draco, in turn, is a limited partner of Clear Sky. Draco is also an unsecured creditor in this Bankruptcy Case, as the transferee of the claim of Brian Skimmons.

2. Upon information and belief, the exclusivity period expired on July 21, 2009, and therefore, Draco is now free to file a competing plan of reorganization, without prior Court approval. However, this Motion is filed out of an abundance of caution to ensure that Draco does not violate Section 1121 of the Bankruptcy Code.

3. Draco hereby requests that exclusivity be terminated to allow it to file a competing plan of reorganization to that currently proposed by the Debtor. In connection therewith, Draco respectfully submits the following:

**PRELIMINARY STATEMENT**

4. The Fifth Circuit has recognized the Congressional acknowledgement inherent in the limited exclusivity granted to debtors in Bankruptcy Code § 1121 that "creditors, whose money is invested in the enterprise no less than the debtor's, have a right to a say in the future of the company." *United Savs. Assoc. of Texas v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 808 F.2d 363, 372 (5th Cir. 1987). Where, as here, the vast majority of the money invested in the Debtor is the creditors' money, the creditors should have primary say in the future of the enterprise.

5. Draco is ready to propose a plan that contemplates significant cash payments to the Debtor's creditors enabling the Debtor to emerge from bankruptcy protection with a greatly delevered balance sheet. Furthermore, on information and belief, significant other creditors of the estate will support termination of the exclusivity period to allow competing plans to be filed and votes solicited from the estate's constituencies. Draco respectfully submits that an order terminating exclusivity is appropriate and should be entered in this Bankruptcy Case. Draco is ready and willing to propose a confirmable plan that will put this Bankruptcy Case on a path to an expeditious exit that will benefit all creditors and not merely the Debtor's current Chief Executive Officer, Robert Kubbernus, and Balaton.

**Background and Procedural Facts**

6. On October 24, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its

property and is managing its business as a debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

7. On May 22, 2009, the Debtor filed its proposed plan of reorganization and subsequently amended the same on July 8, 2009. However, in addition to Draco's filed objection, both CenturyTel, Inc. ("CenturyTel") and Aegis Texas Venture Fund, LP ("Aegis") filed objections opposing confirmation of the Debtor's proposed amended plan of reorganization.

8. Finally, on July 30, 2009, the Debtor filed an Emergency Motion to Approve Modifications to Debtor's Chapter 11 Plan, Docket No. 223, Motion to Modify, as a last ditch effort to seek favor with its secured creditors, CenturyTel and Aegis, and to obtain confirmation of its plan of reorganization.

9. The proposed modifications are not "immaterial" as the Debtor would have this Court believe. Instead, they are significant substantive material modifications to the plan that affect all classes of creditors. The plan must be re-solicited. And, if re-solicitation is necessary, because Draco can offer a plan significantly better for the creditors of this estate, this Court should also allow Draco's plan to be offered to the creditors for consideration.

**Argument and Authorities**

10. Pursuant to Bankruptcy Code § 1121(c), a debtor has the exclusive right to file a plan for the first 120 days of the bankruptcy case. However, on request of a party in interest, the court may reduce or extend the Debtor's period of exclusivity "for cause." 11 U.S.C. § 1121(d). Although "cause" has not been defined, courts have developed factors to be considered in determining whether cause has been shown for a reduction of the exclusivity period:

(a) the size and complexity of the case;

(b) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

(c) the existence of good faith progress toward reorganization;

(d) the fact that the debtor is paying its bills as they become due;

(e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f) whether the debtor has made progress in negotiations with its creditors;

(g) the amount of time which has elapsed in the case;

(h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(i) whether an unresolved contingency exists.

*In re Express One Intn'l, Inc.*, 194 B.R. 98, 101 (Bankr. E.D. Tex. 1996).

11. While these factors are to be considered by the Court, courts have held that the transcendent consideration is whether termination of exclusivity will move the case forward and that this "is a practical call that can override the mere toting up of the factors," *See, In re Adelphia Communications Corp.*, 353 B.R. 578, 590 (Bankr. S.D.N.Y. 2006)(citing and quoting *In re Dow Corning Corp.*, 208 B.R. 661, 670 (Bankr. E.D. Mich. 1997)). This view is consistent with the Fifth Circuit's admonition to bankruptcy courts regarding their consideration of motions to extend exclusivity:

> any bankruptcy court involved in an assessment of whether "cause" exists should be mindful of the legislative goal behind § 1121. The bankruptcy court must avoid reinstituting the imbalance between the debtor and its creditors that characterized proceedings under the old Chapter XI. Section 1121 was designed, and should be faithfully interpreted, to limit the delay that makes creditors hostages of Chapter 11 debtors.

*Timbers*, 808 F.2d at 372; see also *The Official Committee of Unsecured Creditors of Mirant Americas Generation, L.L.C. v. Mirant Corp. (In re Mirant Corp.)*, 2004 WL 2250986, *2 (N.D. Tex. Sept. 30, 2004)(stating that "The bankruptcy court must balance the potential harm to creditors and limit the delay that makes creditors hostages of Chapter 11 debtors.")(citations

omitted); *In re Washington-St. Tammany Elec. Coop.*, 97 B.R. 852, 855 (Bankr. E.D. La. 1989)(quoting *Timbers*, 808 F.2d at 372).

12. Because a termination of the exclusive periods will advance this Bankruptcy Case toward a successful reorganization, this Court should terminate exclusivity.

***<u>Application of the Factors Militates in Favor of Terminating Exclusivity</u>***

***Size and Complexity of the Bankruptcy Case.***

13. As noted by the court in *In re Southwest Oil Co. of Jourdanton, Inc.*, 84 B.R. 448 (Bankr. W.D. Tex. 1987), "It is clear from the legislative history that congress intended an extension to be granted only in unusual circumstances, involving very large or complex cases." *Id.* at 452. The Debtor operates a small satellite telecommunications business. The Debtor has two primary secured creditors CenturyTel and Aegis, and a host of unsecured creditors, among whom Draco is one. The Debtor's business is not sufficiently large or complex (unlike the debtors in the *Dow Corning* and *Adelphia Communications* cases, for example, which involved a significant number of creditors (including multiple tranches of public debt), claimants, and litigation relating to the operations of the businesses) to justify an extension of exclusivity. Thus, this factor weighs in favor of terminating the Debtor's exclusivity.

***Existence of Good Faith Progress Toward Reorganization***

14. The Debtor has not shown good faith progress toward reorganization. Rather, the Debtor has proposed a plan that benefits insiders at the expense of its creditors.

15. In addition, the Debtor's plan does not comply with the Bankruptcy Code or Delaware law. As described in Draco's prior filings, the most recent plan seeks to strip the equity holders of Clear Sky, a non-party to this Bankruptcy Case, of their investment through the use of the Bankruptcy Code while conducting a merger that fails to meet the legal requirements of Delaware law. Additionally, as established in the objections of Aegis and CenturyTel, the

plan violates numerous provisions of the Bankruptcy Code and is non-confirmable. A confirmable plan of reorganization has not been achieved. Therefore, this factor weighs in favor of terminating the Debtor's exclusivity.

***Progress in Negotiations With Creditors***

16. The Debtor has not made any significant progress in negotiations with its creditors. As of the filing hereof, the largest of the Debtor's creditors have not voted in favor of the Debtor's proposed plan. In fact, both CenturyTel and Aegis have objected to the Debtor's amended plan. As the Fifth Circuit has pointed out, "§ 1121 represents a congressional acknowledgement that creditors, whose money is invested in the enterprise no less than the debtor's, have a right to a say in the future of that enterprise." ***Timbers***, 808 F.2d at 372. Both CenturyTel and Aegis have given their opinion of the Debtor's plan. This factor weighs heavily in favor a termination of exclusivity.

***Amount of Time Which Has Elapsed in the Case***

17. As discussed above, this Bankruptcy Case is not unusually large or complex. Congress determined that, for most debtors, 120 days would be sufficient time to file a plan and that only in the unusually large and complex cases, would an extension be warranted. ***See Timbers***, 808 F.2d at 372 n.15 (quoting H.R.Rep. No. 595, 95th Cong., 2d Sess. 174, 231-32, ***reprinted in*** 1978 U.S.C.C.A.N. 5963, 6191, 6192)(footnotes omitted).

18. As noted by the court in *Tony Downs Foods*, "Section 1121 does not create a deadline for filing a plan; the debtor is free to take as much time to develop and file its plan as it feels appropriate. The risk is, of course, that while it is developing its plan, another party in interest will file a plan. However, that is as Congress intended." *In re Tony Downs Foods Co.*, 34 B.R. 405, 408 (Bankr. D. Minn. 1983). Further, as several courts have pointed out when terminating a debtor's exclusivity or denying a debtor's request for an extension of exclusivity,

allowing creditors to file competing plans does not, in any way, affect the Debtor's concurrent right to file a plan. ***See, e.g., R.G. Pharmacy***, 374 B.R. at 488 ("The fact that the debtor no longer has the ***exclusive*** right to file a plan does not affect its concurrent right to file a plan. Denying [the] motion only affords creditors their right to file a plan; there is no negative affect [sic] upon the debtor's coexisting right to file its plan.")(quoting ***In re Parker Street Florist & Garden Center, Inc.***, 31 B.R. 206, 207 (Bankr. D. Mass. 1983)).

19. This factor militates in favor of denying the Motion and terminating exclusivity.

## Conclusion

20. Application of the factors to the facts of this Bankruptcy Case militates in favor of Draco's request of termination of the Debtor's exclusivity so that it may file a plan that is confirmable and will provide greater return to the estate's creditors, not just the Debtor's insiders. The Debtor's current plan is non-confirmable, and because any amendments to the Debtor's plan must be re-solicited for vote, equity demands that the creditors be given an opportunity to evaluate a plan that will provide them a greater return and not one whose sole benefit is to that of insiders of the estate.

## PRAYER

**WHEREFORE**, Draco respectfully requests that the Court enter an order terminating the Debtor's exclusive right to file a plan and solicit acceptances.

Dated: August 4, 2009

Respectfully submitted,

**VINSON & ELKINS L.L.P.**
First City Tower
1001 Fannin, Suite 2500
Houston, Texas 77002-6760
Tel: 713-758-2222
Fax: 713-758-2346

By: /s/ John E. Mitchell
John E. Mitchell, SBT #00797095
John C. Ivascu, SBT #24067680

**ATTORNEYS FOR DRACO CAPITAL, INC.**

**CERTIFICATE OF SERVICE**

This is to certify that on August 4, 2009, a copy of the foregoing document was served upon all parties via the Court's electronic case filing system (ECF) or by United States First Class Mail, postage prepaid, on all parties on the attached service list.

By: /s/ John E. Mitchell
One of counsel

**SERVICE LIST**

SkyPort Global Communications, Inc.
11140 Aerospace Avenue
Houston, Texas 77034

Edward L. Rothberg
Melissa Anne Haselden
Hugh Massey Ray, III
Weycer Kaplan Pulaski & Zuber PC
11 Greenway Plaza, Suite 1400
Houston, TX 77046

Jessica L. Hickford
Law Office of RJ Atkinson LLC
3617 White Oak Drive
Houston, TX 77007

Stephen D. Statham
Office of the US Trustee
515 Rusk, Suite 3516
Houston, Texas 77002

Securities & Exchange Commission
Attn: Angela Dodd
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604-2908

Internal Revenue Service
P. O. Box 21126
Philadelphia, PA 19114

Internal Revenue Service
Special Procedures Branch
1919 Smith
Mail Stop HOU 5022
Houston, Texas 77002

Intelsat Ltd.
C/O Stephen Selbst
Herrick Feinstein LLP
2 Park Avenue
New York, NY 10016

John M. August
Herrick Feinstein LLP
One Gateway Center
Newark, NJ 07102

EchoStar Corporation
Attn: Rhonda Parson
90 Inverness Circle
East Englewood, CO 80112

AboveNet
Attn: Thomas L. Kelly
360 Hamilton Avenue, 7th Floor
White Plains, NY 10601

Klabzuba Properties, Ltd
Attn: Robert B. Higgs 1
4405 Walters Road, #800
Houston, TX 77014

Deloitte & Touche LLp
Attn: Elliott Jacobson
1 Concorde Gate, Suite 200
Toronto, ON M3C 4G4 Canada

Telsat Network Services, Inc.
Attn: Ted Ignacy
1601 Telesat Court
Ottawa, ON K18 5P4 Canada

**SERVICE LIST**

SES New Skies Satellite, B.V.
C/O Philip W. Allogramento, III
Stephen V. Falanga
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ 07068

The Spaceconnection, Inc.
Attn: Deborah Williams
P. O. Box 6067
Burbank, CA 91510-6067

iDirect, Inc.
C/O H. Jason Gold
Dylan G. Trache
Wiley Rain LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA 22102

GSI Globalcomm
C/O Kathleen M. Patrick
Michael R. Rochelle
Rochelle McCollough LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201

Alpheus Communications, LP
C/O Jason Lee Boland
John David Cornwell
Fulbright & Jaworksi LLP
1301 McKinney Suite 5100
Houston, TX 77010

Longbottom Communications
Attn: Penelope Longbottom
2343 N. Vernon Street
Arlington, VA 22207

Houston Airport System
City of Houston
Attn: Scott Fildman
PO Box 60106
Houston, TX 77205-0106

United Shipping Solutions
Attn: Ted Michaelson
1880 S Dairy Ashford, #620
Houston, TX 77077

XO Communications
Attn: Scott Harrison
2401 Portsmouth, Suite 200
Houston, TX 77098

Seyfarth Shaw LLP
Attn: Christina Putnam
700 Louisiana, Suite 3700
Houston, TX 77002

Compu Com
Attn: Minnie Morrison
7171 Forest Lane
Dallas, TX 752330

Robert Half Technology
Attn: Ron Ravin
5720 Stone Ridge, Suite 3
Covington, CA 94588

DataPath, Inc.
Attn: Betty Herrington
3095 Satellite Boulevard
Duluth, GA 30096

Verizon Wireless
Attn: Alexis B. Murray
PO Box 660108
Dallas, TX 75266-0108

**SERVICE LIST**

**Attorney for Advanced Projects International, Inc.**
C/O Calvin C. Braun
Adair & Myers PLLC
3120 Southwest Freeway, Suite 320
Houston, TX 77098

Dexter D. Joyner
4701 Preston
Pasadena, TX 77505 Email:
**Attorney for Pasadena ISD**

Digital Networks LLC
8413 Gateway Terrace
Oklahoma City, OK 73049

Attorney for Texas Comptroller of Public Accounts
William A. Frazell
Frazell & Mosley PLLC
PO Box 28160
Austin, TX 78755-8160

Kyung S. Lee
Diamond McCarthy Taylor & Finley
909 Fannin, Suite 1500
Houston, TX 77010

Interado, Inc.
Attn: Elaine Stuart
1601 Dry Creek Drive
Longmont, CO 80503

Texas Comptroller of Public Accounts
Kay Brock
PO Box 12548
Austin, TX 78711

**Attorney for Data Technology Solutions, LLC**
Bryan E. Lege
Kraft Gatz Lane Benjamin LLC
600 Jefferson Street, Suite 410
Lafayette, LA 70501

Digital Networks, LC
c/o William H. Hoch III
Crowe and Dunlevy
20 N Broadway, Suite 1800
Oklahoma City, OK 73102

Leo Vasquez
P.O. Box 4622
Houston, Texas 77210-4089

**Attorneys for Digital Networks LLC**
John F. Higgins, IV
Porter & Hedges LLP
1000 Main Street, 36th
Floor Houston, TX 77002

Pasadena I.S.D.
Tax Assessor-Collector
2223 Strawberry Road
Pasadena, Texas 77501

**Attorney for Farnam Street Financial, Inc**
Larry B. Ricke
Degree of Honor Building, Suite 600
325 Cedar Street
Saint Paul, MN 55101

Balation Group, Inc.
Attn: Brogan Taylor
152 King St. E., Suite 400
Toronto Ontario MSA 1JE
Canada

**SERVICE LIST**

Harris County, et.al.
c/o John P. Dillman
Linebarger Goggan Blair & Sampson
P.O. Box 3064
Houston, TX 77253-3503

Intelsat USA Sales Corp
Attn: Chris Niebecker
3400 International Drive NW
Washington DC 20008

William A. Frazell
Assistant Attorney General
Bankruptcy & Collection Division
P.O. Box 12548
Austin, Texas 78711-2538

Telesat Network Services, Inc.
Attn: Richard O'Reilly
1601 Telesat Court
Ottawa, Ontario, Canada K1B 5P4

Farnum Street Financial
Attn: Ross Abrams
240 Pondview Plaza
5850 Opus Parkway
Minnetonka, MN 55343

Klabzuba Properties, Ltd.
Attn: Robert Higgs
14405 Walters Road, Suite 800
Houston, Texas 77014

AEGIS Texas Venture Fund, LP
Attn: Kevin Dragan
11000 Richmond, Suite 550
Houston, Texas 77042

VT iDirect Inc.
Attn: Geneza Simoes
13865 Sunrise Valley Drive
Herndon, VA 20171

CenturyTel, Inc.
Attn: Stewart Ewing, CFO
100 CenturyTel Drive
Monroe, LA 71203

Alpheus Communications, LP
Alpheus Data Services
c/o Stephen W. Crawford, General Counsel
1300 Fannin Street, 20th Floor
Houston, Texas 77002

CenturyTel, Inc.
c/o Rex D. Rainach
A Professional Corporation
3622 Government Street
Baton Rouge, LA 70806-5720

Wilkinson, Barker, Knauer LLP
Attn: Bob Primosch
2300 N Street NW, Suite 700
Washington, DC 20038-1128

Brad Lee
Bankruptcy Specialist
XO Communications, LLC
105 Malloy Street
Nashville, TN 37201

Balation Group, Inc.
Seyfarth Shaw LLP
Attn: Walter Cicack
700 Louisiana, Suite 3700
Houston, Texas 77002

**SERVICE LIST**

Globecomm Systems Inc.
Attn: Julia Hanft, General Counsel
45 Oser Avenue
Hauppague, NY 11788

Verizon Wireless
P.O. Box 3397
Bloomington, IL 61702

Cisco Capital
c/o Thomas M. Gaa
Bialson, Bergen & Schwab
2600 El Camino Real, Suite 300
Palo Alto, CA 94306

Ambius
P.O. Box 95409
Palatine, IL 60095-0409

PAETEC
c/o Shannon I. Sullivan
Specialist-Revenue Assurance
P.O. Box 3177
Cedar Rapids, IA 52406-3177

Patrick K. Brant
10186 Hillington Court
Vienna, VA 22182

Alpheus Data Services, LLC
c/o William R. Greendyke
Jason L. Boland/Travis A. Torrence
Fulbright & Jaworksi LLP
1301 McKinney, Suite 5100
Houston, Texas 77010

Brett J. Kitei
Corporate Counsel
DISH Network, L.L.C.
9601 South Meridian Blvd.
Englewood, Colorado 80112

Sunrise Campus Investors dba
BPG Properties, Ltd.
Attn: Roger Byecroft & Keith Knight
11130 Sunrise Valley Drive, Suite 100
Reston, VA 20191

Advanced Projects International Inc.
c/o Kenneth English
Gaw, Van Male, Smith, Myers & Miroglio
1000 Main Street
Napa, CA 94559

Intrado, Inc.
Attn: Elaine Stuart
1601 Dry Creek Drive
Longmont, CO 80503

San Jacinto Community College Dist.
Attn: Daniel J. Snooks
11550 Fuqua, Suite 490
Houston, TX 77034

Deloitte & Touche LLP
Attn: Francesca Filippelli, Sr. Legal Specialist
30 Wellington Street West
P.O. Box 400, Stn Commerce Court
Toronto, ON M5L 1B1, Canada