IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SKYPORT GLOBAL | § | CASE NO. 08-36737-H4-11 |
| COMMUNICATIONS, INC., | § | |
| | § | |
| DEBTOR | § | Chapter 11 |

**OBJECTION TO MOTION FOR EXPEDITED CONSIDERATION**
**(Docket #309)**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

SKYPORT GLOBAL COMMUNICATIONS, INC. ("Debtor" or "SkyPort"), Debtor in this Chapter 11 case, hereby objects to the motion for expedited consideration of the Motion to Terminate Exclusivity filed by Draco Capital, Inc. (Docket No. 309, the "Motion"). The grounds for this response are as follows:

**Summary**

1. The Motion does not comply with BLR 9013 because it fails to state the basis for emergency consideration and fails to contain a verified statement of what facts justify emergency consideration. Had such facts been stated, they would not have been sufficient to justify emergency consideration as this entity (and its principal) have been aware of the Debtor's bankruptcy since inception, and yet have delayed taking any action until the eve of confirmation. Further, they have circulated a "Draco Plan" in violation of 11 U.S.C. §1121 and §1125.

**Factual Background**

2. In order to understand the context of the pleadings filed by Draco, the Court needs to understand exactly who Draco is and what it is trying to accomplish.

3. Draco is a private equity fund owned and controlled by Mr. Adrien Pouliot. Mr. Pouliot was one of the members of the Debtor's board of directors who voted to place the Debtor in Chapter 11 on October 23, 2008. Attached as Ex. A. is a copy of the Board Resolution.

4. At the commencement of the case, the Debtor was in dire need of DIP financing. Mr. Pouliot agreed to be one of the DIP lenders and the Court entered an order approving Mr. Pouliot as one of the DIP lenders. See Doc. 32.

5. Ultimately, Mr. Pouliot reneged on his agreement to be a DIP lender and the Debtor was forced to file a motion to amend the DIP Order to provide that Balaton would be the DIP Lender. See Doc. 81. Balaton is the majority shareholder of the Debtor's parent and is operated by Mr. Robert Kubbernus who is the Debtor's CEO. This motion to amend was approved by the Court (see Doc. 99) and the DIP loan was funded by Balaton.

6. Despite being aware of the existence of the case since its inception, neither Draco nor Mr. Pouliot were heard from again until July 31, 2009, one day after the Debtor filed an agreed Plan Modification resolving disputes with its major secured creditors, Aegis Texas Venture Fund ("Aegis") and CenturyTel which virtually assure plan confirmation.

7. After the filing of this Plan Modification, Draco and Pouliot rushed into action with an attempt to derail the plan by sending an <u>alternative plan proposal</u> to the undersigned with <u>copies to Aegis and CenturyTel</u>. A copy of this proposal is attached as Exhibit B. This alternative proposal was sent without obtaining approval of an adequate disclosure statement in violation of 11 U.S.C. §1125(b) and without obtaining termination of exclusivity in violation of 11 U.S.C. §1121(b). The alternative proposal caused Aegis to renege on its agreement to vote in favor of the plan as modified.

8. Further, Draco and Pouliot filed an Objection to Confirmation (Doc. 293), even though Draco is not a creditor or party in interest; attempted to purchase a small general unsecured claim (Doc. 298); filed a motion to terminate exclusivity (Doc. 306), which does not comply with the local rules; and filed this motion for expedited consideration (Doc. 309), which likewise does not comply with the local rules.

9. Draco's motion seeks to terminate exclusivity[1] to file a competing plan only days before the confirmation hearing. Draco's motion is, most importantly, simply dead wrong on the facts.

## Expedited Consideration Should be Denied

10. A party is guaranteed the right to both substantive and procedural due process under the Constitution. Procedural due process requires notice and a reasonable opportunity to be heard. Although the required procedures may vary according to the interests at stake in a particular context, *Boddie v. Connecticut*, 401 U.S. 371, 378 (1971), the fundamental requirement of due process is the opportunity to be heard at a <u>meaningful</u> time and in a <u>meaningful</u> manner. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

11. Due Process requires that there be an opportunity to form a defense to the Motion to Terminate Exclusivity – a motion filed by an insider who deliberately waited until the last possible minute to file his motion. The insider expects the Debtor to respond in only 3 days. The other creditors and parties in interest are also expected to respond in less than three days – an impossible feat since they were only mailed the motion by regular mail. A meaningful time to

---

[1] The Motion also claims that exclusivity terminated. Apparently, even Draco doesn't believe this is true, hence the Motion.

respond is impossible.

12. To obtain expedited consideration, the movant must show that the prejudice caused by the expedited consideration is substantially outweighed by the interests of justice and that the emergency is not one of its own creations.

13. Here, the alleged emergency is that Draco wants to propose an alternative plan three days before confirmation of what was a consensual plan of reorganization arrived at after lengthy and difficult negotiations. This desire simply does not rise to the level of an emergency.

14. Further, the "last minute" nature of the relief is entirely Draco's own fault as it has been aware of the case since inception.

15. The Court should not grant consideration on an emergency basis. The Court should consider the motion on a 20 day notice. There is massive prejudice to the Debtor and creditors by countenancing the violation of 11 U.S.C. §1125 and §1121.[2] The Debtor is days away from plan confirmation. The motion was filed as a transparent, last-minute attempt to derail confirmation of the Debtor's plan.

---

[2] Other courts have dealt with actions quite similar to the unauthorized transmission of a plan proposal like the "Draco's Plan" on Exhibit B. A similar situation happened in *Colorado Mountain Express, Inc. v. Aspen Limousine Serv., Inc. (In re Aspen Limousine Serv., Inc.)*, 198 B.R. 341, 348-49 (D. Colo. 1996). That court found that sending a plan proposal while soliciting a negative vote violated § 1125(b) and the District Court affirmed criminal contempt sanctions. The court observed that while some courts may allow suggestions in "good faith" negotiations, sending letters to creditors with a competing plan and seeking a negative vote during the exclusivity period is bad faith.

In the similar case of *In re: Clamp-All*, 233 B.R. 198, the Court dealt with an insider (like Mr. Pouliot) who sent an unauthorized plan proposal to creditors urging them to vote against the Debtor's plan. The result was that the court *sua sponte* equitably subordinated the claims of the would-be proponents and two insiders were forbidden from filing a competing plan. Likewise, *In re: Temple Retirement Community, Inc*. 80 B.R. 367 (Bankr. W.D. Tex. 1987) (L. Clark, J.) Judge Leif Clark rejected an attempt to suggest an alternative plan while seeking a negative vote, stating "[Public] policy could be undermined by thinly veiled suggestions of better alternatives, unsupported by full disclosure."

**Conclusion**

16. The Motion is flawed factually and procedurally. Procedurally, there is no evidence or declaration justifying emergency consideration.

17. Factually, the motion fails. The reason given for emergency consideration is no excuse for depriving parties of the opportunity to have reasonable notice and procedural due process:

> Such expedited consideration is necessary because this Court is considering confirmation of SkyPort Global Communications, Inc.'s plan of reorganization on August 7, 2009 and Draco respectfully requests that this Court take into consideration the potential for a competing plan of reorganization by Draco.

Motion at page 1.

18. This is especially true since Mr. Pouliot has been part of this case since inception, yet his company waited until the last minute to participate in the case. The case is ready for confirmation and the last-minute "Draco Plan" circulated in violation of 11 U.S.C. §1121 and 1125 is no justification for emergency consideration.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests that the Court deny Docket #309, and grant such other and further relief to which it may show itself justly entitled.

DATED: August 4, 2009

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: */s/ Hugh M. Ray, III*
     EDWARD L. ROTHBERG
     State Bar No. 17313990
     HUGH M. RAY, III
     State Bar No. 24004246
     Eleven Greenway Plaza, Suite 1400
     Houston, Texas 77046
     Telephone: (713) 961-9045
     Facsimile: (713) 961-5341

ATTORNEYS FOR DEBTOR

**Certificate of Conference**

I certify that I conferred telephonically in good faith with both counsel for the Movant on August 4, 2009 about the relief sought. The conference lasted about five minutes, and we were unable to agree.

Dated: August 4, 2009

                                                                          */s/ Hugh M. Ray, III*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via electronic mail, and/or U.S. first class mail, postage prepaid, on August 4, 2009, (or the next business day) to the parties on the service list.

*/s/ Hugh M. Ray, III*
HUGH M. RAY, III

**MASTER SERVICE LIST**
SkyPort Global Communications; Debtor
Case # 08-36737-H4-11

| | | |
|---|---|---|
| Skyport Global Communications, Inc.<br>11140 Aerospace Ave<br>Houston, TX 77034 | Harris County, et al.<br>c/o John P. Dillman<br>Linebarger Goggan Blair & Sampson<br>P O Box 3064<br>Houston, TX 77253-3503 | Internal Revenue Service<br>Insolvency Section<br>1919 Smith MAIL STOP HOU 5022<br>Houston, TX 77002 |
| Internal Revenue Service<br>PO Box 21116<br>Philadelphia, PA 19114 | Stephen Statham<br>Office of the U. S. Trustee<br>515 Rusk, Room 3516<br>Houston, TX 77002 | William A. Frazell<br>Assistant Attorney General<br>Bankruptcy & Collections Division<br>PO Box 12548<br>Austin, TX 78711-2538 |
| Securities & Exchange Commission<br>Attn: Angela Dodd<br>175 W. Jackson Blvd, Suite 900<br>Chicago, IL 60604-2908 | Paul Bettancourt<br>P. O. Box 4622<br>Houston, TX 77210-4089 | Pasadena I.S.D.<br>Tax Assessor-Collector<br>2223 Strawberry Rd.<br>Pasadena, TX 77501 |
| Balaton Group, Inc.<br>11140 Aerospace Ave<br>Houston, TX 77034 | Farnum Street Financial<br>Attn: Ross Abrams<br>240 Pondview Plaza<br>5850 Opus Parkway<br>Minnetonka, MN 55343 | AEGIS Texas Venture Fund, LP<br>Attn: Kevin Dragan<br>11000 Richmond, Suite 550<br>Houston TX 77042 |
| CenturyTel, Inc.<br>Attn: Stewart Ewing, CFO<br>100 CenturyTel Drive<br>Monroe, Louisiana 71203 | CenturyTel, Inc.<br>c/o Rex D. Rainach<br>A Professional Law Corporation<br>3622 Government Street<br>Baton Rouge, LA 70806-5720 | Brad Lee<br>Bankruptcy Specialist<br>XO Communications, LLC<br>105 Malloy Street<br>Nashville, TN 37201 |
| Intelsat USA Sales Corp.<br>Attn: Chris Nibecker<br>3400 International Drive NW<br>Washington DC 20008 | Telesat Network Services, Inc.<br>Attn: Richard O'Reilly<br>1601 Telesat Court<br>Ottawa<br>Ontario, Canada ON K1B 5P4 | EchoStar Corp.<br>Attn: Rhonda Parson<br>90 Inverness Circle East<br>Englewood, CO 80112 |
| SES New Skies Satellites, BV<br>Attn: Scott Sprague<br>2001 L Street, Suite 800<br>Washington, DC 20036 | AboveNet<br>Attn: Thomas L. Kelly<br>360 Hamilton Ave., 7th Floor<br>White Plains, NY 10601 | The Spaceconnection, Inc.<br>Attn: Deborah Williams<br>PO Box 6067<br>Burbank, CA 91510-6067 |
| Klabzuba Properties, Ltd.<br>Attn: Robert B. Higgs<br>14405 Walters Road, Suite 800<br>Houston, TX 77014 | VT iDirect Iinc.<br>Attn: Geneza Simoes<br>13865 Sunrise Valley Drive<br>Herndon, VA 20171 | Alpheus Communications, L.P.<br>Alpheus Data Services<br>c/o Stephen W. Crawford, General Counsel<br>1301 Fannin Street, 20th Floor<br>Houston, TX 77002 |
| Seyfarth Shaw LLP<br>Attn: Christina Putnam<br>700 Louisiana, Suite 3700<br>Houston, TX 77002 | Longbottom Communications<br>Attn: Penelope Longbottom<br>2343 N. Vernon St.<br>Arlington, VA 22207 | CompuCom<br>Attn: Minnie Morrison<br>7171 Forest Lane<br>Dallas, TX 75230 |

| | | |
|---|---|---|
| Houston Airport System<br>Attn: Scott Feldman<br>City of Houston<br>PO Box 60106<br>Houston, TX 77205-0106 | Robert Half Technology<br>Attn: Ron Ravin<br>5720 Stone Ridge, Suite 3<br>Covington, CA 94588 | |
| DataPath, Inc.<br>Attn: Betty Herrington<br>3095 Satellite Boulevard<br>Duluth, GA 30096 | XO Communications<br>Attn: Scott Harrison<br>2401 Portsmouth, Suite 200<br>Houston, TX 77098 | Verizon Wireless<br>Attn: Alexis B. Murray<br>PO Box 660108<br>Dallas, TX 75266-0108 |
| Wilkinson, Barker, Knauer LLP<br>Attn: Bob Primosch.<br>2300 N Street NW, Suite 700<br>Washington, DC 20038-1128 | Balaton Group, Inc.<br>Seyfarth Shaw LLP<br>Attn: Walter Cicack<br>700 Louisiana, Suite 3700<br>Houston, TX 77002 | Pasadena Independent School District<br>c/o Law Office of Dexter D. Joyner<br>4701 Preston Ave.<br>Pasadena, TX 77505 |
| AEGIS Texas Venture Fund, LP<br>c/o Kyung Lee / Jason Rudd<br>Diamond McCarthy Taylor Finley & Lee<br>909 Fannin, Suite 1500<br>Two Houston Center<br>Houston, Texas 77010 | Digital Networks, LLC<br>c/o William H. Hoch, III<br>Crowe & Dunlevy<br>20 N. Broadway, Suite 1800<br>Oklahoma City, OK 73102 | Globecomm Systems Inc<br>Attn: Julia Hanft, General Counsel.<br>45 Oser Avenue<br>Hauppauge, NY 11788 |
| Farnam Street Financial, Inc.<br>c/o Larry B. Ricke<br>Spence, Ricke, Sweeney & Gernes<br>Suite 600, Degree of Honor Building<br>325 Cedar Street<br>St. Paul, MN 55101 | Cisco Capital<br>c/o Thomas M. Gaa<br>Bialson, Bergen & Schwab<br>2600 El Camino Real, Suite 300<br>Palo Alto, California 94306 | PAETEC<br>c/o Shannon I. Sullivan<br>Specialist - Revenue Assurance<br>PO Box 3177<br>Cedar Rapids, IA 52406-3177 |
| Intelsat, Ltd.<br>c/o Herrick Feinstein LLP<br>Attn Stephen Selbst<br>Two Park Avenue<br>New York, NY 10016 | William R. Greendyke<br>Jason L. Boland / Travis A. Torrence<br>Fulbright & Jaworski LLP<br>1301 McKinney, Suite 5100<br>Houston, TX 77010 | Sunrise Campus Investors dba<br>BPG Properties, Ltd<br>Attn: Roger Byecroft & Keith Knight<br>11130 Sunrise Valley Drive, Suite 100<br>Reston, VA 20191 |
| Intrado, Inc.<br>Attn: Elaine Stuart<br>1601 Dry Creek Drive<br>Longmont, CO 80503 | Deloitte & Touche LLP<br>Attn Francesca Filippelli, Sr. Legal Specialist<br>30 Wellington Street West<br>P O Box 400, Stn Commerce Court<br>Toronto, ON M5L 1B1, Canada | SES New Skies Satellites, Inc.<br>c/o Philip W. Allogramento III<br>Stephen V. Falanga / Connell Foley LLP<br>85 Livingston Ave.<br>Roseland, NJ 07068 |
| Verizon Wireless<br>P.O. Box 3397<br>Bloomington, IL 61702 | Ambius<br>P.O. Box 95409<br>Palatine, IL 60095-0409 | Patrick K. Brant<br>10186 Hillington Court<br>Vienna, VA 22182 |
| Brett J. Kitei<br>Corporate Counsel<br>DISH Network L.L.C.<br>9601 South Meridian Boulevard<br>Englewood, Colorado 80112 | Michael R. Rochelle / Kathleen M. Patrick<br>Rochelle McCullough LLP<br>325 N. St. Paul St., Suite 4500<br>Dallas, TX 75201 | Digital Networks, LLC<br>c/o John F. Higgins<br>Porter & Hedges, LLP<br>1000 Main Street, 36th Floor<br>Houston, TX 77002 |
| iDirect, Inc.<br>c/o H. Jason Gold / Dylan G. Trache<br>Wiley Rein LLP<br>7925 Jones Branch Drive, Suite 6200<br>McLean, VA 22102 | Alpheus Data Services, LLC<br>c/o William R. Greendyke<br>Jason L. Boland / John D. Cornwell<br>Fulbright & Jaworski LLP<br>1301 McKinney, Suite 5100<br>Houston, TX 77010 | Advanced Projects International Inc.<br>c/o Calvin Braun<br>Adair & Myers, PLLC<br>3120 Southwest Freeway, Suite 320<br>Houston, TX 77098 |

| | | |
|---|---|---|
| Advanced Projects International Inc.<br>c/o Kenneth English<br>Gaw, Van Male, Smith, Myers & Miroglio<br>1000 Main Street<br>Napa, CA 94559 | Data Technology Solutions, LLC<br>c/o Bryan E. Lege<br>Kraft Gatz Lane Benjamin LLC<br>600 Jefferson St., Suite 410<br>Lafayette, LA 70501 | San Jacinto Community College Dist.<br>Attn: Daniel J. Snooks<br>11550 Fuqua, Suite 490<br>Houston, TX 77034 |
| Drillsite Broadcast Co.<br>c/o Collin D. Porterfield<br>Law office of Collin D. Porterfield<br>5956 Sherry Lane, Suite 1616<br>Dallas TK 75225 | Gloster Holdings, LLC<br>c/o Samuel Goldman & Associates<br>100 Park Avenue, 20th Floor<br>New York, NY 10017 | John C. Ivascu<br>Vinson & Elkins LLP<br>1001 Fannin Street, Suite 2500<br>Houston, TX 77002-6760 |
| John E. Mitchell<br>Vinson & Elkins L.L.P.<br>2001 Ross Avenue, Suite 3700<br>Dallas, TX 75201-2975 | | |