

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/07/2009

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 08-36737-H4-11 |
| SKYPORT GLOBAL | § | |
| COMMUNICATIONS, INC., | § | |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |

### ORDER REGARDING THE DEBTOR'S EMERGENCY MOTION TO ESTIMATE CLAIMS OF ADVANCED PROJECTS INTERNATIONAL, INC.
[Docket No. 271]

On August 1, 2009, this Court held a hearing on SkyPort Global Communications, Inc.'s (Debtor or SkyPort) Motion To Estimate The Claims Of Advanced Projects International, Inc. (API) and Intelsat Corporation (Intelsat) in this Chapter 11 case. [Docket No. 271.] On August 4, 2009, this Court orally issued on the record its findings of fact and conclusions of law. This Order is being entered on the docket to memorialize the oral ruling. For the reasons stated on the record, this Court concludes that pursuant to § 502 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 3018, and case law from this Circuit, the administrative claim of API is estimated at $85,000.00.

API verbally stipulated on the record that: (1) it seeks no estimation of any pre-petition claims; and (2) it will accept this Court's estimation of its administrative claim for all purposes of holding the plan confirmation hearing scheduled for August 7, 2009. Consequently, in the case at bar, there are no due process issues that should keep the Court from estimating this administrative claim. *In re MacDonald*, 128 B.R. 161 (Bankr. W.D. Tex. 1991); *but see, In re Indian Motorcycle Co., Inc.*, 261 B.R. 800 (B.A.P. 1st Cir. 2001) (declining to estimate an administrative claim that would "jeopardize due process rights" of the claim holder).

1

The Fifth Circuit has stated that bankruptcy courts should use the method "best suited to the circumstances" in estimating a claim. *Addison v. Langston (In re Brints Cotton Marketing, Inc.)*, 737 F.2d 1338, 1341 (5th Cir. 1984). As the party asserting the administrative claim, API had "the burdens of both persuasion and of going forward with respect to the estimation claim." *In re MacDonald*, 128 B.R. at 166. Although the evidence in the record is far from clear as to the exact amount of API's claim, this Court has concluded that the evidence in the record is sufficient to establish that the claim's value is greater than zero, the value advocated by the Debtor. Further, in Debtor's Exhibit 9—an e-mail dated well after the Debtor claimed API breached the contract in dispute—the Chief Financial Officer of the Debtor appears to confirm that the Debtor owes API in excess of $110,000.00. Based on this particular exhibit, other evidence introduced by API, which values its claim at $112,905.35, and the remaining evidence in the record, this Court concludes that API has a seventy-five percent (75%) probability of recovering the entire amount it seeks (i.e. $112,905.35). *In re Wallace's Bookstores, Inc.*, 317 B.R. 726 (Bankr. E.D. Ky. 2004) ("[T]he estimation process should take into account the likelihood that the claimant would prevail on the merits and apply that probability to the amount of damage."). Thus, the API administrative claim is estimated at $85,000.00 (i.e. $112,905.35 x 75% = approx. $85,000.00).

It is therefore:

ORDERED that API's administrative claim is estimated at $85,000.00 for all purposes relating to the plan confirmation hearing scheduled for August 7, 2009.

Signed on this 6th day of August, 2009.

_____
Jeff Bohm
United States Bankruptcy Judge